[No. 12225. Department One. June 16, 1916.]

C. A. GWINN, *Respondent*, v. L. A. FORD, *Appellant*.[1]

CORPORATIONS — STOCK — SALE — FRAUDULENT REPRESENTATIONS — MATTERS OF FACT. False representations made to induce the purchase of corporate stock, to the effect that the seller was intimately acquainted with the affairs of the company, that he knew that the stock was of greater value than the price at which it was selling, that he knew the price would rise in a few days, and that he knew where the stock could be sold at a marked increase, were representations as to matters of fact, and not as to matters of opinion.

BILLS AND NOTES — ACTIONS — DEFENSES — FRAUD. In an action on promissory notes by an indorsee, an answer alleging that the notes were procured by fraudulent representations, the result of a conspiracy between the payee and the plaintiff to whom the notes were immediately indorsed, and that plaintiff was at all times advised as to the contract under which the notes were given, sets up a good defense.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 30, 1914, in favor of the plaintiff, upon sustaining a demurrer to the affirmative defenses, in an action on promissory notes, tried to the court. Reversed.

*Mulligan & Bardsley*, for appellant.

*J. N. Pickrell* and *Joseph Rosslow*, for respondent.

[1]Reported in 158 Pac. 536.

ON REHEARING.

PER CURIAM.—This case is before us upon a rehearing. It was first heard at our January session of 1915, at which time no appearance was made by the respondent. On May 27, 1915, an opinion was handed down reversing the case and remanding it for further proceedings. *Gwinn v. Ford,* 85 Wash. 571, 148 Pac. 891. Subsequently the respondent made a showing to this court to the effect that he had, in due time, prepared and filed with the clerk of the lower court his answering brief on the appeal, and that for some cause, through no fault of his own, it was not forwarded to this court, the result being that he received no notice of the time the cause was set for oral argument in this court and, for that reason, did not appear at such time. The rehearing was granted because of this showing.

The facts are fully stated in our former opinion. It will be observed therefrom that the case turns on the question whether the facts set forth in the answer, to which a demurrer was sustained, constitute a defense to the notes sued upon. We think it unnecessary to repeat the allegations of the answer here at length. In substance, it is alleged that the person procuring the notes from the appellants represented to them that he was intimately acquainted with the affairs of the company whose stock he was selling; that he had inside information from which he knew that the stock was of much greater value than the price at which it was selling, and that it would rise in price within a few days; that he knew where the stock could be sold in a short time at a marked increase over the price at which it could then be purchased, and that a profit could be realized to the appellants by a mere loan of their credit. It is further alleged that the stock was then and at all times intrinsically valueless and had no market value, and that the representations were made as the result of a conspiracy to wrongfully deprive the appellants of the notes; that the respondent was

cooperating with the person who procured the notes, and was at all times advised as to the contract under which the notes were given.

The representations by which the notes were procured are, to our minds, representations as to matters of fact, rather than representations of matters of opinion, as the respondent argues. It appears to us, also, that if they be proven as alleged, and it be further proven that the respondent either participated in the representations or knew of the fact that the notes had been obtained because of the representations, at the time they were indorsed to him by the person procuring them, he cannot recover thereon.

Our conclusion is that our former opinion correctly determined the question submitted by the appeal. The judgment is therefore reversed, and the cause remanded for further proceedings.