[No. 2128. Decided May 26, 1896.]

ALEXANDER YOUNG, *Appellant*, v. WILLIAM E. SMITH *et ux.*, *Defendants*, FRANK M. PETERSON, *Respondent*.

NEGOTIABLE INSTRUMENTS — LIABILITY OF SURETY — CONDITIONAL SIGNING.

One to whom a note is sent by a person who signed it as surety, with the understanding that the person to whom it was sent might use it when signed by himself also, cannot, on using it without himself signing and again receiving the note by rescission of the transfer, maintain an action thereon against him who signed it on the unfulfilled condition.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge. Affirmed.

*Bush & Coons*, for appellant.

*George D. Scofield*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is an action upon a promissory note for $400 given by the defendants Smith as principals, and by Peterson as surety. It was made payable to the order of the cashier of the First National Bank of Aberdeen. Prior to the signing of said note, it appears that the plaintiff had executed a note to said bank to obtain a like sum of money for the purpose of loaning it to the defendants Smith, and that he did loan it to them, taking their note to himself therefor and also security upon a quantity of furniture. The note in suit was intended for the purpose of taking up these notes. A verdict and judgment were rendered in favor of defendant Peterson, and the plaintiff has appealed. He alleges that the court erred in admitting testimony as to a certain conversation had between the defendants Smith and Peterson relating to the giving

of the note and also to an instruction given by the
court to the jury.   It appeared that the Smiths, after
signing the note, brought it to Peterson to obtain his
signature, and that Peterson signed the same and en-
closed it in a letter to the plaintiff.   Said letter was as
follows:

"WESTPORT, APR. 14th., 1893.
"*Mr. Alex. Young,*
"DEAR SIR—Please find inclosed note of W. E.
Smith's which he says you will sign so I will, when
you do you can turn it over to him when you see it is
all right.   He is to make a bill of sale of a lot of fur-
niture, is it all O. K.   Very respt yours,
"F. M. PETERSON."

It is clear that by the terms of this letter Peterson
consented to become a party to the note only upon the
condition that the plaintiff would sign it also, and its
delivery was made conditional upon plaintiff's sign-
ing it.   Instead of signing it, plaintiff delivered the
note to the bank, taking up his note, and also surren-
dered to the Smiths the note and security previously
executed by them to him.   It appears that the bank
became dissatisfied with the transaction and entered
into an arrangement with the plaintiff whereby the
transfer of the note to the bank was rescinded, and it
was indorsed by the bank's cashier to the plaintiff
without recourse.

The court instructed the jury that if they found that
Peterson in transferring the note to plaintiff only au-
thorized him to deliver the same after signing it him-
self, the plaintiff would not be entitled to recover.
There was no error in this instruction, in fact it would
have been proper for the court to have directed the
jury to bring in a verdict for the defendant Peterson,
as the plaintiff had admitted the receipt of the note

with the letter aforesaid, and all of the material facts upon which the instruction was based.

The plaintiff had no authority to put the note in circulation without signing it himself as a surety with Peterson, and clearly was not entitled to recover against Peterson thereon, who had only agreed to assume the liability of a co-surety with the plaintiff.

The testimony complained of, which the court admitted, was not material, as it developed nothing beyond the undisputed facts in the case.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.