CHARLES B. DENNEY ET AL. V. PETER S. STOUT.

FILED MARCH 7, 1900.  No. 9,156.

1. **Verdict: SUFFICIENT PROOF.** A verdict supported by sufficient competent proof will not be disturbed.

2. **Action on Contract: GENERAL DENIAL: TRIAL: EXCLUSION OF EVIDENCE.** In the trial of an action on a contract, where the answer is a general denial, it is not error to exclude evidence which has no tendency to disprove the averments of the petition.

3. **Pleading: AFFIRMATIVE DEFENSE.** Any affirmative defense to the enforcement of a contract should be pleaded in the answer.

4. **Instructions: OMISSION OF IMPORTANT ELEMENT.** It is not error to refuse an instruction which omits an important element.

5. **Evidence: UNCORROBORATED WITNESS.** The jury may disregard the entire evidence of an uncorroborated witness, where his testimony on a material point is willfully and corruptly false.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.  *Affirmed.*

*Charles W. Haller,* for Charles B. Denney, plaintiff in error, cited: *Billings v. McCoy Bros.,* 5 Nebr., 187; *Dell v. Oppenheimer,* 9 Nebr., 454; *Gandy v. Pool,* 14 Nebr., 98; *Sandwich Mfg. Co. v. Shiley,* 15 Nebr., 109; *First Nat. Bank v. Carson,* 30 Nebr., 104.

*Thomas & Nolan,* for O'Neill, plaintiff in error.

*A. N. Ferguson,* for defendant in error, cited *Prall v. Peters,* 32 Nebr., 832; *St. Felix v. Green,* 34 Nebr., 800; *Smith v. Wigton,* 35 Nebr., 460.

SULLIVAN, J.

This action was commenced in the county court of Douglas county and was removed thence to the district court by appeal. The petition stated a cause of action for money expended by the plaintiff, Peter S. Stout, at the request of Denney and O'Neill, and for their use and benefit. The answer was a general denial. A jury found the issues in favor of the plaintiff, and judgment was rendered on the verdict. There is in the brief of counsel for the complaining party no extended discussion of the errors assigned, but it would seem that the alleged insufficiency of the evidence to sustain the verdict is the main ground relied on for a reversal of the judgment. We have read the record and are entirely satisfied with the conclusion reached by the jury. The verdict is certainly supported by ample proof.

It is claimed that the court erred in refusing to receive in evidence Exhibits 1 and 2 offered by the defendants. The ruling was not erroneous. The documents were properly excluded. They had no tendency to disprove any fact alleged in the petition. In both of the trial courts the disputed facts were (1) the alleged contract for the expenditure of the money by the plaintiff for the use of the defendants, and (2) the amount expended in pursuance of such contract. If the contract was made as alleged, the plaintiff was, of course, entitled to recover whatever sum he paid out in accordance with its terms. The rejected evidence might have a tendency to show that there was a modification of the original contract between the parties, but it was not relevant to any issue made by the pleadings. What is said upon this subject is equally applicable to some other rulings made during the progress of the trial. Counsel for Denney seems to have lost sight of the fact that, if the plaintiff made the contract pleaded, he had an absolute legal right to perform its obligations and enforce it against the defendants. If the contract had been modified or re-

scinded, that was an affirmative defense, and should have been stated in the answer.  See *Prall v. Peters*, 32 Nebr., 832; *St. Felix v. Green*, 34 Nebr., 800; *Smith v. Wigton*, 35 Nebr., 460.

Error is assigned on the refusal of the court to give the following instruction requested by the defendants: "If you find that any witness testified falsely as to any material point, you may disregard all he testified to unless corroborated by other competent proof." This instruction omitted an important element, and was, therefore, properly refused. The rule is that the jury are authorized to disregard the entire evidence of an uncorroborated witness where his testimony upon a material point is willfully and corruptly false.*

The judgment of the district court is right and is

AFFIRMED.