[No. 3989.  Decided May 12, 1902.]

CITY OF SEATTLE, *Appellant*, v. THE L. H. GRIFFITH
REALTY AND BANKING COMPANY *et al.*, *Defendants*,
JOHN COLLINS, *Respondent*.

SURETY ON NOTE — CONDITIONAL SIGNATURE — DELIVERY WITHOUT
AUTHORITY — EVIDENCE.

In an action upon a promissory note, it is competent for one
of the sureties to show in defense that he signed it under an ex-
press agreement that it was not to be delivered or become obli-
gatory until certain other persons had signed it, of which fact
the payee had knowledge; and conversations had between such
surety and the principal on the note are admissible in evidence
for the purpose of establishing the agreement.

TRIAL — ADMISSION OF EVIDENCE — HARMLESS ERROR.

The action of the court in allowing a member of the city
finance committee to testify as to the duties of that committee
instead of requiring the introduction of the city charter prescrib-
ing the committee's duties, was not prejudicial error, when such
testimony correctly stated the duties and was merely explanatory
of other testimony given by the witness, which was conceded to
have been admissible.

Appeal from Superior Court, King County.—Hon.
ORANGE JACOBS, Judge.  Affirmed.

*W. E. Humphrey* and *Edward Von Tobel*, for appellant.

*William Martin*, for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant, the city of Seattle, sued
the respondent and others upon a promissory note.  The
respondent answered to the effect that he signed the note as
surety upon the express understanding and agreement with
his principal, of which the city had knowledge, that the
same was not to be delivered to the city, or to become of

force and effect, until certain other persons named signed the same as sureties; that the other persons named failed or refused to sign the note, and that the note was delivered to the city in violation of the agreement, and accepted by it with full knowledge of the terms and conditions under which it was signed by him. A reply was filed, putting the allegations in the answer at issue, and a trial had before a jury which resulted in a verdict and judgment for the respondent.

The appellant first assigns as error the ruling of the court permitting the respondent and the representative of the principal on the note, who presented the note to the respondent for his signature, to testify to the agreement set out in the answer. From the form in which the objection appears in the record, it is somewhat difficult to ascertain whether the objection went to the agreement as a defense to the action, or to the manner in which the respondent sought to prove the agreement; and we regret to say the appellant has not made the point any clearer in his brief. Considering the objection from either view, however, we do not find error in the ruling of the court. It was competent for the defendant to show in defense of the action against him upon the note that he signed it, under an express agreement that it was not to be delivered or become obligatory until certain other persons had signed it, and that the payee received it with knowledge of this agreement, and without procuring such other persons to sign it. It was equally competent to show this agreement in the words of the parties making it. Merely because it entailed calling for the conversation between the parties did not render the testimony objectionable.

It is next urged that the court erred in permitting a member of the finance committee of the city of Seattle to

state what were the general duties of that committee. It is said that the duties of the finance committee are prescribed by the city charter, and that, if it was necessary to prove them at all, it could be done only by introducing the charter. The request to state the duties of the committee was made of the witness by the court, and was preliminary to passing upon an objection to a certain line of testimony made by the appellant's counsel. It may be questioned, therefore, whether it was evidence before the jury at all; but, granting that it was for their consideration, it could not have in any .manner prejudiced the appellant's case. It was but explanatory of the other testimony of the witness, which is conceded to have been admissible, and it is not pretended that these duties were incorrectly stated. Error without prejudice, as we have repeatedly held, is not cause for reversal.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR, ANDERS and Mount, JJ., concur.

WHITE, J.—I was of counsel for the appellant in the matter out of which this controversy arose, and did not take part in the decision of this case.