(No. 5417. Decided August 18, 1905.)

## C. V. EWELL et al., Appellants, v. J. P. TURNEY, Respondent.[1]

BILLS AND NOTES—DEFENSES—AGREEMENT THAT NOTE SHOULD BE COME DUE ONLY UPON HAPPENING OF CONTINGENT EVENT—EVIDENCE—SUFFICIENCY—CLEAR PREPONDERANCE NECESSARY. The burden of proof is upon the defendant to establish by a clear preponderance of the evidence that, by a parol agreement, a promissory note was to become binding only upon the happening of a contingent event.

Appeal from a judgment of the superior court for Lincoln county, Martin, J., entered June 20, 1904, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action upon a promissory note. Reversed.

*H. A. P. Myers,* for appellants.

FULLERTON, J.—The appellants were the owners of certain mining property, and sold the same to the respondent, taking in payment therefor $250 in cash, and two promissory notes, one a secured note for $500, and the other an open note for $250. The last named note was not paid, and this action was brought to recover thereon. To the complaint, which was in the usual form, the respondent answered, admitting the execution and delivery of the note, and the allegation that it had not been paid, but averred that it was "expressly understood and agreed, by and between the parties, that the note aforesaid should not become a note

1Reported in 81 Pac. 1047.

collectible against said defendant, or have any value at all," until the mining property became a shipper of ore, and that such property had not as yet become such a shipper. The affirmative matter in the answer was put in issue by a reply. The case was first tried in 1899, before a jury, which returned a verdict for the plaintiffs, the appellants in this action. This verdict was set aside by the court, and a new trial granted. A second trial was had in 1901, before a jury, resulting in a like verdict, which was also set aside by the court. On December 12, 1903, it was tried by the court without a jury, and resulted in findings and a judgment in favor of the respondent. The case is in this court for trial *de novo* on appeal from the last mentioned judgment.

We think the judgment of the trial court is wrong. The burden was upon the respondent to establish the fact that the note was delivered on the condition set out in his answer, by a clear preponderance of the evidence, and, as we view the record, he has signally failed so to do. He testified that such was the condition on which the note was delivered, but this is denied by both of the respondents. Furthermore, the circumstances surrounding the transaction support the appellants, rather than the respondent. It was necessary to have certain writings to complete the transfer, and the parties went before a notary to have the papers prepared and executed, and that officer testifies that nothing was said in his presence concerning a conditional delivery of the last mentioned note. While it is competent for a maker of a note to show by parol that the note was to become a binding agreement only on the happening of a certain contingency, and that the contingency has not happened, yet his proofs must be reasonably certain to that end. In the case before us, there was not even a preponderance of the evidence in respondent's favor to the effect that there was a conditional delivery of the note sued upon.

The judgment is reversed, and the case remanded with instructions to enter a judgment in favor of the appellants, for the amount of the note set out in the complaint.

ROOT, CROW, and RUDKIN, JJ., concur.