[No. 9033.     Department One.     January 7, 1911.]

## HOLT MANUFACTURING COMPANY, *Appellant*, v. H. C. ODENRIDER, *Respondent*.[1]

SALES—DEFENSES—RESCISSION BY VENDEE—WRITTEN CONTRACTS—VARYING BY PAROL—PRINCIPAL AND AGENT—AUTHORITY OF AGENT. Upon a sale by agents of a harvester under a written contract providing that the purchaser was not to countermand the order except for failure of crops, and that all stipulations entered into are all embodied in the contract and that no agent has any power to make additions or vary the terms, it is not competent for the purchaser to set up a contemporaneous agreement with the agents to the effect that the contract of sale was not delivered or to become effective for one month, and that the owner could, and did, cancel the same within such time; since the written contract could not be contradicted by parol.

SALES— DEFENSES — CANCELLATION—COUNTERMAND OF ORDER — PLEADING—ISSUES AND PROOF. In an action for the price of a harvester sold by agents, an affirmative defense of a contemporaneous oral agreement, contradicting the writing, to the effect that the contract was not to be effective for one month and that pursuant thereto it was cancelled by the purchaser, does not admit of proof, over defendant's objection, that the written contract was cancelled by mutual consent.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered November 23, 1909, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Reversed.

*Hamblen & Gilbert*, for appellant.

*Martin & Wilson*, for respondent.

GOSE, J.—On the 22d day of April, 1908, the defendant gave the plaintiff a written order directing it to manufacture a combined harvester and ship it to him at Almira Station, in this state. The order stipulated that the defendant "agrees not to countermand this order except for failure of crops prior to the date of shipment, . . . and it is understood

[1]Reported in 112 Pac. 670.

and agreed that all stipulations, agreements, and warranties entered into between the respective parties are embodied in this contract, and no agent has any power to make any additions to or to vary the terms and conditions hereof." The machine was manufactured and shipped to the defendant at the point designated. Upon his refusal to pay for the machine as provided in the order, this suit was commenced. The complaint alleges, so far as material to the questions raised by the appeal, the sale and delivery of the machine, and the defendant's promise and refusal to pay for it. The answer denies the sale and delivery, denies that any sum is due, and alleges affirmatively:

"For further and separate defense, defendant alleges that on or about the 22d of April, 1908, he entered into negotiations with one E. R. Gordon and one Pew, who represented themselves to be agents of the plaintiffs in this action, and that then and there he entered into a contract for the purchase of one Holley Junior Combined Harvester, with the express understanding and agreement with the said Pew and said Gordon that said contract was not to be completed nor deemed in effect nor become effective or delivered to the Holt Manufacturing Company, for at least one month, and that he was to have the right at any time within the month to recall said contract from the hands of said Pew and Gordon and cancel the same. That afterwards, within two weeks from the said 22d day of April, the said defendant did notify said Pew and Gordon that he did not desire to continue said contract and he therefore desired the same destroyed and cancelled, to all of which the said Pew and Gordon agreed, and then and there the said Pew began negotiations for the sale, to said defendant, of a McCormick Header, instead of the Combined Harvester. That thereafter this defendant purchased a Best Combine and that as soon as the plaintiffs discovered that he had purchased the 'Best' they then shipped and consigned to him a secondhand Holley Junior Machine from Walla Walla, Washington, and that said secondhand machine did not arrive at Almira until the 14th day of July, 1908, or about three months after said contract had been cancelled and revoked. That this defendant never received

said machine, never had anything to do with it, never accepted it and it has never been in his possession."

This averment was denied by the reply. From a verdict and judgment for the defendant, the plaintiff has appealed. The evidence is undisputed that the appellant delivered a new machine.

It is apparent that the new matter pleaded is not a defense, and that it does not raise an issue. The order expressly provides that all the contemporaneous stipulations between the parties are merged into the contract, and that no agent has the power to vary its terms. This would follow if the order did not so provide. Otherwise a written order or contract would be a useless formality and precaution. The object to be accomplished by a written agreement is that it may furnish the evidence of what the contract is. The very purpose of the averment was to contradict the terms of the written contract, and to prove a contract materially different from the written order. Respondent reserved the right to countermand the order for a failure of crops prior to the date of shipment. He does not plead that he exercised this right. The court refused to admit evidence offered in support of the new matter in the answer, but did, over the appellant's objection, admit proof that the contract was cancelled before the machine was shipped, by the mutual agreement of the parties to the suit. If the respondent countermanded the order before the machine was shipped, on account of the failure of crops, or if the contract was cancelled by mutual agreement, such matter was an affirmative defense, and should have been pleaded in the answer. *Denny v. Stout*, 59 Neb. 731, 82 N. W. 18; *Grunwald v. Freese* (Cal.), 34 Pac. 73; *Koons v. St. Louis Car Co.*, 203 Mo. 227, 101 S. W. 49; *Taussig v. Southern Mill & Land Co.*, 124 Mo. App. 209, 101 S. W. 602; *Roberts v. Pacific & A. R. & Nav. Co.*, 121 Fed. 785.

While the appellant's objections were not as full and specific as they might have been, we think they served to

challenge the attention of the court and counsel to the fact that the evidence was not within the issues. The court instructed the jury that the order was a valid and binding contract and "continued at all times thereafter to be a legal contract, unless you find that the same was cancelled by the parties," and that, "If you find that the parties, the plaintiff and the defendant, for any reason agreed and consented to the cancellation of said contract it would thereafter cease to be a valid and binding contract on the part of either plaintiff or defendant, and that these are questions for the jury to determine from the evidence in the case." This instruction was excepted to, on the ground that it presented a question to the jury not within the issues. The appellant in due time moved for a judgment notwithstanding the verdict, and for new trial. The motion for new trial was based upon the several statutory grounds. A litigant prepares his case for trial in the light of the issues. It is obvious that the appellant was not prepared to meet an entirely new issue and one not remotely suggested by the answer. The motion for a new trial should have been granted.

Evidence was admitted which, under a proper issue, would have warranted the jury in finding, either that the right reserved in the order to countermand was exercised, or that the parties agreed to cancel it. The judgment is reversed, with directions to the trial court to permit an amendment to the answer, if applied for within thirty days after filing the remittitur in the court below. Otherwise to enter a judgment upon the pleadings in favor of the appellant.

RUDKIN, C. J., PARKER, and MOUNT, JJ., concur.