[No. 11139.   Department Two.   July 23, 1913.]

SEATTLE NATIONAL BANK, *Respondent*, v. J. A. BECKER *et al.*, *Appellants*.[1]

BILLS AND NOTES—INDORSEMENT—CONDITIONAL DELIVERY—ANSWER —SUFFICIENCY. In an action against the indorsers of a note, it is a good defense as against the payee that the defendants indorsed the note on condition that the payee would secure additional indorsers before the note should be binding on them, which the payee agreed but failed to do; and an answer setting up such facts sufficiently pleads a conditional delivery of the note.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 7, 1912, in favor of the plaintiff, upon sustaining a demurrer to affirmative defenses, in an action on a promissory note.   Reversed.

*Edgar S. Hadley*, for appellants.

*Bausman & Kelleher*, for respondent.

MORRIS, J.—Appeal from a judgment upon a promissory note, after sustaining a demurrer to affirmative defenses.

The appellants pleaded two affirmative defenses.   The first need not be referred to, as in our judgment it was demurrable. The second affirmative defense was as follows:

"That on or about the 1st day of June, 1911, the Pacific Steel Furniture Co., being indebted to the plaintiff, was required to give a note in renewal thereof and these defendants were requested by said bank to endorse said note; that it was agreed that as a further endorser on said note the plaintiff

[1]Reported in 133 Pac. 613.

would secure the endorsement of Hartley D. Smith and Minnie E. Smith, his wife, and would take the property here-inabove described as security for said loan; that the defendants stated to the plaintiff they would not endorse said note unless the plaintiff further secured the endorsement of said Hartley D. Smith and Minnie E. Smith, his wife, and it was so agreed by the plaintiff and upon that understanding and not otherwise these defendants attached their names to the said note and delivered the same to the plaintiff with the understanding and agreement that before said note would be binding upon them or they would be liable thereon, the plaintiff would secure the endorsement of the said Hartley D. Smith and wife and would first satisfy said note from the property deeded to them and from other property of the said Hartley D. Smith and Minnie E. Smith; that contrary to this agreement and without any knowledge of these defendants the plaintiff failed and neglected to secure the endorsement of the said Minnie E. Smith, contrary to their agreement and to the agreement of all the parties as to the delivery and liability of these defendants upon said note."

We believe this to be a good defense, and the court below was in error in sustaining a demurrer thereto. The delivery pleaded was a conditional one, and as against appellants, the instrument was not complete until the terms of the conditional delivery had been fully complied with. We think this defense plainly pleads that appellants indorsed the note on condition that the payee would secure additional indorsements before the note would be binding upon appellants; and with such a plea, it was good as against the demurrer. *Young v. Smith*, 14 Wash. 565, 45 Pac. 45; *Seattle v. Griffith Realty & Banking Co.*, 28 Wash. 605, 68 Pac. 1036; *McCormick Harvesting Mach. Co. v. Faulkner*, 7 S. D. 363, 64 N. W. 163, 58 Am. St. 839. For this error the judgment is reversed.

MAIN, ELLIS, and FULLERTON, JJ., concur.