[No. 12225. Department Two. May 27, 1915.]

C. A. GWINN, *Respondent*, v. L. A. FORD *et al.*, *Appellants*.[1]

BILLS AND NOTES—ACTIONS—DEFENSES—HOLDER IN DUE COURSE—NOTICE OF FRAUD. In an action on promissory notes, the answer sufficiently sets up an affirmative defense of fraud, and that plaintiff was not a holder in due course, where it alleged that the notes had been given to enable the payee to purchase stock on the representations of the payee that he could sell at an advance, that the stock was at all times valueless, and that plaintiff introduced the payee to defendants, and had knowledge of the fraud, the whole proposition being a scheme and conspiracy to obtain possession of the notes.

SAME — PLEADING — ALLEGATION OF CONDITIONAL DELIVERY — SUFFICIENCY. In an action on a promissory note, an answer setting up that it was distinctly agreed by and between the makers and payee that the note was to be used for the purpose of raising the necessary money to finance a certain transaction, and purchase certain stock, negatives a conditional delivery of the note, such as would enable the makers to show by parol that it was to become a binding agreement only upon the happening of a certain contingency.

EVIDENCE—PAROL EVIDENCE—LIABILITY ON NOTE. An oral agreement made prior to the execution and delivery of a promissory note, affecting the manner in which it is to be paid, cannot be shown for the purpose of modifying or contradicting the written obligation.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 30, 1914, in favor of the plaintiff, upon sustaining a demurrer to the affirmative defenses, in an action on promissory notes, tried to the court. Reversed.

*Mulligan & Bardsley*, for appellants.

MAIN, J.—The purpose of this action was to recover upon two promissory notes. The complaint alleges as a first cause of action, in substance, that the defendants L. A. Ford and Anna Ford, his wife, on July 15, 1910, for value received, made, executed, and delivered to the defendant E. J. Rice, a promissory note for the principal sum of $300, bearing

[1]Reported in 148 Pac. 891.

interest at 8 per cent per annum, payable semi-annually, and providing for the payment of a reasonable attorney's fee in case of suit thereon; that subsequent to the execution of the note, and prior to the maturity thereof, the defendant E. J. Rice, for value, sold and transferred the note to the plaintiff, who is now the owner and holder thereof; that at the time the defendant E. J. Rice sold and assigned the note to the plaintiff, he guaranteed the payment of the same by a written guarantee indorsed on the back of the note; and that the whole amount of principal and interest is due and unpaid.

The allegations contained in the second cause of action are the same as those of the first cause of action, except the note sued upon is for the principal sum of $500.

The defendants Ford and wife answered the complaint by denials and by setting up an affirmative defense. To this answer, a general demurrer was interposed and sustained. They thereupon filed an amended answer, denying each and every allegation contained in both causes of action, except as admitted, qualified or explained in the affirmative defenses of the answer. The same affirmative defense was interposed to each cause of action in the complaint, and in substance alleged: That shortly prior to July 15, 1910, the plaintiff introduced the defendant E. J. Rice to Ford and wife, stating that Rice had a business proposition which he desired to take up with them; that Anna D. Ford had been well acquainted with the plaintiff for nearly twenty-five years, and had implicit confidence in his integrity and honesty, and by reason thereof relied upon each and every representation and statement made by him, and entertained the business proposition, which resulted in the execution and delivery of the notes in question; that shortly after his introduction, Rice, in explanation of the business proposition referred to, stated to Mr. and Mrs. Ford that he was a stock salesman connected with a corporation known as the "Jexite Powder Company;" that he was well and intimately acquainted with its affairs; that at that time its stock was selling in the open market

at 35 cents per share; that on account of inside information of the affairs of the company which he had, he knew the stock to be of much greater value than 35 cents per share, and in a very few days the price would be raised; that he knew where the stock could be sold in a very few days at 50 cents per share, and that he could and would sell the stock at that price; and thereupon Rice proposed that if Mr. and Mrs. Ford would finance a proposition whereby he could purchase a certain amount of the stock at 35 cents per share, he would resell the stock at 50 cents per share within a very few days, and divide with them the profits made on the transaction; that after some negotiations, Mr. and Mrs. Ford agreed with Rice to execute the notes in suit; that Rice agreed that these notes were to be used to raise the necessary money to finance the purchase of stock of the "Jexite Powder Company" at 35 cents per share; that Rice was thereafter to sell this stock prior to the date of the maturity of the notes, the first proceeds from such sale to be used to pay off the notes, and the profits realized from the transaction, after payment of the notes, to be divided between Rice and Mr. and Mrs. Ford; that the stock has never been sold by the plaintiff or by Rice, and Mr. and Mrs. Ford, upon information and belief, allege that the whole proposition was a scheme and conspiracy to wrongfully deprive them of the possession of the notes; that after the execution of the notes, they learned for the first time that the plaintiff was cooperating with Rice, and that the plaintiff, at the time of the execution of the notes, and at all times thereafter, was fully advised as to the nature of the contract between Rice and Mr. and Mrs. Ford, under which the notes were executed and delivered, and further, that they had never received anything of value for the notes; that the stock of the "Jexite Powder Company" was at all the times herein mentioned, and now is, valueless, and has no market value.

To these affirmative defenses, the plaintiff interposed a general demurrer, which was sustained. The cause thereafter

came on for trial before the court without a jury, upon the
complaint and the general denials contained in the amended
answer. The defendant Rice made no appearance, but suf-
fered judgment to be entered against him by default. At
the trial, Mr. and Mrs. Ford admitted the execution and de-
livery of the notes sued upon. Whereupon the court entered
a judgment against all of the defendants for the sum of
$1,031.93, principal and interest, $100 as attorney's fee, and
for costs. The defendants Ford and wife have appealed.

The principal question in the case is whether the facts
stated in the affirmative defense charge fraud, and that the
plaintiff was not a holder in due course. We think, if the
facts stated are true, it necessarily follows that the execution
and delivery of the notes were induced by fraudulent repre-
sentations, and that the plaintiff is not a holder in due course.
The rules governing the essential elements of actionable fraud
are so well settled as to make unnecessary a review of them.
The sustaining of the demurrer by the superior court was
prejudicial error. Whether the transaction was a fraudulent
one, and whether the plaintiff was a holder in due course, were
questions which should have been determined upon a trial of
the issues of fact. The respondent has neither made appear-
ance in this court nor filed a brief, evidently realizing that
the ruling upon the demurrer could not be sustained.

The appellants claim that their answer contains a plea of
conditional delivery of the notes. It is true that it is com-
petent for the maker of a note to show by parol that the note
was to become a binding agreement only upon the happen-
ing of a certain contingency, and that such contingency has
not happened. *Ewell v. Turney*, 39 Wash. 615, 81 Pac.
1047; *Seattle National Bank v. Becker*, 74 Wash. 431, 133
Pac. 613. But the pleading in this case does not bring it
within the rule. The answer alleges:

"That it was distinctly understood and agreed by and be-
tween these defendants and the said Rice that the said note
was to be used by said Rice for the purpose of raising the

necessary money to finance the transaction above described, and to purchase a certain amount of the stock of the 'Jexite Powder Company' at thirty-five cents per share. . . ."

This allegation negatives the idea of a conditional delivery. On this question the facts alleged, if true, show an oral agreement made prior to the execution and delivery of the notes, affecting the manner in which they were to be paid. Obviously, the written promise to pay cannot be modified or overcome by such an agreement, if one were made. There is nothing in the pleading to show a conditional delivery, and the oral agreement referred to cannot be interposed for the purpose of modifying or contradicting the written obligation.

The judgment will be reversed, and the cause remanded.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.