### COWEN CO. v. HOUCK MFG. CO., Inc.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

No. 112.

1. EVIDENCE ⟨⟩90—BURDEN OF PROOF.

The burden of proof in any proceeding lies on that party against whom judgment would be given if no evidence at all were produced on either side, and is determined by the pleadings.

2. PLEADING ⬳370—"ISSUES"—NATURE OF.

An issue is a single certain and material point arising out of the allegations of the parties, and should generally be made up of an affirmative and a negative.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Issue.]

3. EVIDENCE ⬳94—BURDEN OF PROOF—BURDEN OF EVIDENCE.

The burden of proof, as fixed by an examination of the pleadings, does not change, although during the progress of the trial the burden of going forward with the evidence to rebut a prima facie case may shift.

4. TRIAL ⬳146—WITHDRAWAL OF JUROR—AMENDMENT OF PLEADING.

Where defendant totally abandoned the answer served, and relied on an entirely different defense orally stated at trial, the court would have been justified in withdrawing a juror and compelling an amendment, in order that defendant might plead according to the statement orally made and in a manner technically justifying the proof offered.

5. EVIDENCE ⬳90—ORAL STATEMENT OF DEFENSE—BURDEN OF PROOF.

Where defendant abandoned the answer served, and relied on an entirely different defense orally stated, the case must be treated as if the defense relied on had been regularly pleaded, in determining which party had the burden of proof.

6. CONTRACTS ⬳247—MODIFICATION—BURDEN OF PROOF.

In an action on contract, where defendant at trial set up a new and separate agreement alleged to have been orally made, and to have modified the original contract, instead of the denial pleaded in the answer, the burden of proving the oral agreement was on defendant, and charges that such burden never shifted, and that the burden of proving the original contract was on plaintiff, were erroneous and misleading.

Ward, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Cowen Company against the Houck Manufacturing Company, Incorporated. Plaintiff brought error to judgment on a verdict for much less than was sued for. Reversed, and new trial ordered.

Plaintiff here and below sued to recover the asserted cost and value of doing certain advertising for defendant. The complaint set forth what plaintiff had expended on said advertising, averred that defendant had agreed to pay the same, plus 15 per cent., and demanded judgment accordingly. The answer was a general denial, coupled with a separate defense (so called) that the amount agreed to be paid for "the alleged services and obligations" was some $2,000 less than the amount demanded in the complaint. A bill of particulars was furnished, by which it appeared that plaintiff's claim was made up of a number of separately rendered bills, each covering some definite and separable piece of advertising, and all prepared on the basis of cost plus 15 per cent.

At the trial plaintiff proved a written agreement, dated September 1, 1915, by which defendant employed plaintiff to do what advertising was ordered on the basis aforesaid, viz., cost, plus 15 per cent.; but nothing therein contained prevented a new or special contract being thereafter made for some particular job or jobs. Thereupon defendant admitted in open court liability on all the bills or statements aforesaid, except two, one of which plaintiff withdrew. As to the remaining and largest bill, covering more than one-half of the amount sued for, defendant offered to prove, was permitted so to do, and did prove (to the jury's satisfaction) a new and separate agreement, orally made in De-

cember, 1915, by which the particular job covered by the large bill was to be done at a fixed price, which was about $2,000 less than cost plus 15 per cent. This defense was not stated nor suggested in the answer. Before the case went to the jury plaintiff requested the following charge: "The burden of proving modification of the original contract is on the defendant"—and the court declined so to charge.

After some deliberation the jurors returned and asked further instructions as to the burden of proof, whereupon the court said: "The burden of proof is upon the plaintiff to establish its contract, and to establish further that this work was done pursuant to the contract of September 1st." Plaintiff then made the following request by its counsel: "I ask your honor to add to that charge that, if the defendant relies upon a separate contract, then the burden is upon the defendant to prove that separate contract"—to which the court replied: "The burden never shifts. The burden remains on the plaintiff through the case, because the plaintiff brings the lawsuit." To these refusals to charge, and to the charge as made, plaintiff duly excepted, and as the verdict proved that the jury had necessarily found that the separate and special December contract was made as sworn to by defendant (but not pleaded), this writ was taken by plaintiff to the resulting judgment. No alleged error other than that covered by the foregoing is thought to require mention.

·S. Michael Cohen, of New York City, for plaintiff in error.

John T. Smith, of New York City (Henry F. Herbermann, of New York City, of counsel), for defendant in error.

Before WARD and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

HOUGH, Circuit Judge (after stating the facts as above). [1, 2] It cannot be doubted that what determines the position of the burden of proof is the answer to the question, "Who has the affirmative of the issue?" But to reconcile all the rulings made after admitting this principle would be quite impossible. An issue is "a single, certain, and material point, arising out of the allegations of the parties, and generally should be made up by an affirmative and negative." Simonton v. Winter, 5 Pet. 148, 8 L. Ed. 75. Allegations are usually made in written pleadings; therefore the affirmative of the issue is normally determined by inspection of the pleadings.

The rule (in language taken from Stephens' Digest of Evidence) is frequently stated thus:

"The burden of proof in any proceeding lies on that party against whom judgment would be given, if no evidence at all were produced on either side; regard being had to any presumption which may appear upon the pleadings." John Turl's Sons v. Williams, etc., Co., 136 App. Div. 710, 121 N. Y. Supp. 478.

It sometimes happens that a positive defense may properly be introduced under a general denial, in which case the burden of proof is still upon the plaintiff, because that burden is determined by the pleadings, and not the condition of the evidence. Adams v. Pease, 113 Ill. App. 361. An excellent statement of the general rule and its application is found in Small v. Clewley, 62 Me. 155, 16 Am. Rep. 410.

[3] Distinctions have been drawn between the burden of proof, and the burden of evidence—i. e., the duty of producing countervailing testimony (see Chamberlayne's Evidence, § 930 et seq.); but, when

the burden of proof is fixed by examination of the pleadings, it does not change, for, as was said in Heinemann v. Heard, 62 N. Y. 455:

"During the progress of the trial it often happens that a party gives evidence tending to establish his allegation, sufficient it may be to establish it prima facie, and it is sometimes said the burden of proof is then shifted. All that is meant by this is that there is a necessity of evidence to answer the prima facie case, or it will prevail; but the burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue, and this burden remains throughout the trial."

It was this rule, or rather this familiar statement of it, which suggested the quoted remark of the lower court, though it was somewhat inaccurate to say that the burden of proof was upon the plaintiff because the plaintiff brought the suit. It is generally true that the pleadings leave the affirmative of the issue on the plaintiff, and that in the absence of any evidence the plaintiff must suffer defeat; but any plea of the nature of confession and avoidance as plainly puts the burden upon the defendant.

[4] The faulty statement of rule just mentioned would be a matter of no importance, but the difficulty with this case is that the pleadings of the parties are wholly irresponsive to the issues actually made. The case was not tried on the pleadings as written and served, but upon what amounted to oral pleadings made shortly after the trial began, and upon the very proper insistence of the trial court that the issue be simplified. Totally abandoning the answer served, the defendant confessed that it was liable, and liable upon the contract of September 1, 1915, for everything except one bill or item, and there was nothing in the nature of the charge set forth in that item, which in the nature of things took it out of the September contract; therefore defendant undertook to prove the December contract. The trial court would have been justified in withdrawing a juror, and compelling an amendment in order that defendant might plead according to its statement in open court, and in a manner technically justifying the proof it proceeded to offer.

[5, 6] The contract of September 1st in its language covered all advertising, and it was incumbent upon defendant to allege as well as prove that one particular bill had been contracted outside of that agreement. If the written · pleading had justified the course of trial, the issue would have been plain; · i. e., defendant admitted or confessed the force and effect of the contract of September 1st, but alleged an exception thereto. This was done by what we call an oral pleading, i. e., allegations by word of mouth, and such allegations framed the issue. Upon such an issue the affirmative, and therefore the burden of proof, was upon defendant; and this was the only issue that finally went to the jury.

Laxity of pleading and carelessness in detail cannot be used to either vary the rule or escape its operation. The case must be treated on this record as if the pleading had been regular. It is settled that the burden is on him who alleges any modification of the contract in suit. Denney v. Stout, 59 Neb. 731, 82 N. W. 18; Appeal of Kenney (Pa.) 12 Atl. 589; Anderson v. English, 121 Ala. 272, 25 South. 748. And see Banewur v. Levenson, 171 Mass. at page 12, 50 N. E. 10. In this case

defendant finally alleged, not a modification, but a new and separate agreement. The burden was plainly on defendant.

Judgment reversed, with costs, and new trial ordered.

WARD, Circuit Judge (dissenting). If the jury were mystified about the burden of proof, the plaintiff was the cause of it. It asked the court to charge that "the burden of proving the modification of the original contract is on the defendant; they alleged it; we do not." The defect of this request was that it assumed, as I think the court does, that the defendant offered to modify the contract sued on. Modification implies admission, with some change; but the defendant did not confess that the services were rendered under the September contract, and avoid that by new matter. It did not offer to modify that contract, but, on the contrary, denied that it applied to the services in question at all. The plaintiff sued upon what at common law were the common counts in general assumpsit; i. e., without specifying the special contract. Use of the common counts is quite consistent with the requirements of section 481, N. Y. Code of Civil Procedure. Moffet v. Sackett, 18 N. Y. 522; Fulton v. Ins. Co., 4 Misc. Rep. 76, 23 N. Y. Supp. 598. It had a right to proceed in general assumpsit, because the special contract had been fully performed by it and nothing remained to be done, except payment by the defendant. The special contract merely regulated the price. Dermott v. Jones, 2 Wall. 1, 17 L. Ed. 762; Dubois v. Canal Co., 4 Wend. (N. Y.) 285.

The answer contained a general denial, and also set up as a separate defense that the plaintiff was entitled to be paid for its services only the sum of $4,048.82, which the defendant tendered before suit brought and the plaintiff refused to receive. This was not a defense at all, and is to be entirely disregarded as such. It was an admission of liability and allegation of tender, affecting only the question of costs and interest (section 733, Code of Civil Procedure), if properly perfected (section 732). Therefore the cause was properly disposed of by the trial court upon the issue made by the defendant's general denial, which left the burden on the plaintiff to prove how much, if anything, the defendant owed. There was certainly no duty upon the defendant to prove this. The opinion of the court admits that the September contract did not prevent the parties from making other and different contracts. Therefore it was entirely competent for the defendant to show that those services were not rendered under the September contract, but under another and different contract.

Suppose that the plaintiff had sued to recover only the services rendered in connection with the December order; would the defendant have been obliged to plead as a defense that the services were rendered under a different contract or be remediless? And, if not pleaded as a defense, could the court have refused to let the defendant cross-examine the plaintiff's witnesses on this point in the plaintiff's case? I think the defendant could show under its general denial alone by cross-examination of the plaintiff's witnesses in the plaintiff's case, as well as by its own witnesses in its own case, that the services

were rendered under a different contract, without in any way relieving the plaintiff of the burden that lay upon it throughout of proving what amount, if any, it was entitled to recover.