[No. 26716.  Department Two.  December 24, 1937.]

CHARLES F. WALKER, *Appellant,* v. H. J. COPELAND, *Respondent.*[1]

[1]Reported in 74 P. (2d) 469.

2

*John C. Hurspool* and *Dan J. Kenney,* for appellant.

*Herbert Ringhoffer* and *Homer I. Watts,* for respondent.

BEALS, J.—Defendant, H. J. Copeland, June 18, 1931, signed four promissory notes, each for $2,500, payable one year after date, to the order of Northwestern Quicksilver Company. During the month of August, 1935, the plaintiff in this action, Charles F. Walker, claiming to hold the four notes as assignee of the payee thereof,

instituted suit thereon against Mr. Copeland in the superior court for Walla Walla county.

In his answer, defendant admitted that he signed the notes, but by way of an affirmative defense, pleaded, first, that the payee (hereinafter referred to as the Quicksilver Co.) was a Washington corporation, and that plaintiff was its treasurer and one of its trustees; that one W. S. Mitchell was representing the corporation as its agent for the sale of its stock; that plaintiff and other agents of the corporation made certain representations to the defendant that the stock was valuable, that the corporation was a going concern and owned a valuable mine; that, relying upon these representations, which were in fact false, and were known by the persons who made them to be false, defendant subscribed for ten thousand shares of the corporation's capital stock, signing the notes sued on in payment therefor, it being then agreed that the stock should be delivered to defendant as a condition precedent to the notes becoming effective as defendant's obligations; and that the stock never was delivered to defendant.

Defendant also pleaded that the Quicksilver Co., without complying with the laws of Oregon (which defendant pleaded), or obtaining a license in that state authorizing it to sell its stock therein, negotiated with defendant in the state of Oregon for the sale of its stock.

By his reply, plaintiff admitted the existence of the laws of Oregon, as pleaded by defendant, and that the stock of the Quicksilver Co. was not qualified for sale to the general public in that state, but alleged that defendant purchased the stock in the state of Washington. Plaintiff denied the other allegations of defendant's affirmative defenses.

The action was tried to a jury, and resulted in a verdict in favor of the defendant. Plaintiff moved for a new trial, and, his motion having been denied, judg-

ment was entered in defendant's favor dismissing the action with prejudice, from which judgment plaintiff has appealed.

Appellant assigns error upon the submission by the court to the jury of any question concerning fraud or fraudulent representations or the failure of consideration for the notes sued upon. He also contends that the court erred in submitting to the jury any question as to the place of execution of the notes, and in refusing to strike respondent's testimony as to any conditional delivery thereof. Error is also assigned upon the admission in evidence, over appellant's objection, of a quitclaim deed and an option, and upon the giving of certain instructions and the refusal to give others requested by appellant. Appellant also assigns error upon the denial of his motion for a new trial, and upon the entry of judgment dismissing the action.

Appellant contends that respondent's affirmative defenses, as pleaded, were insufficient in law to raise any issue of fraud, and that no question involving that issue should have been submitted to the jury. He argues that respondent pleaded that certain representations were made to him, and that same were false, and were known by appellant and other persons who made the representations to be false, but argues that the pleading was insufficient for the reason that it did not contain any allegation as to the true facts.

Appellant did not demur to either of respondent's affirmative defenses, nor did he move against the same in any manner. He replied thereto, and the action proceeded regularly to trial. Appellant does not state in his brief that he at any time challenged respondent's pleading. His objection, then, comes too late, and the question before the trial court as to what issues should be submitted to the jury depended upon the evidence which had been received, rather than upon the plead-

ings. This assignment of error is not available to appellant before this court.

Appellant bases three assignments of error upon instructions given by the trial court, to which he excepted. Rule VIII of Rules of Court, adopted November 5, 1923, as amended April 1, 1931 (159 Wash. xliii), requires that, "Where an objection is based on an instruction of the court, the instruction shall be set forth in the brief in full.". Appellant failed to comply with this rule, and for this reason, his assignments of error based upon instructions given cannot be considered. *Drainage Dist. No. 2 v. Everett,* 171 Wash. 471, 18 P. (2d) 53, 88 A. L. R. 123; *State v. Jones,* 188 Wash. 275, 62 P. (2d) 44; *State v. Hussey,* 188 Wash. 454, 62 P. (2d) 1350. This rule must be observed, as a respondent, in preparing his answering brief, must either rely upon the rule or treat it as a dead letter. The rule is reasonable and should be enforced.

Appellant assigns no error upon the court's refusal to give his requested instruction No. 6, but in arguing his second assignment of error, based upon the court's submission to the jury of the question of alleged failure of consideration for the notes sued upon, suggests that the court erred in refusing to give appellant's request No. 6. Appellant, not having complied with the rules of court, cannot be heard to argue that the court committed error in instructing the jury, and not having assigned error upon the court's refusal to give his requested instruction No. 6, we find nothing in subdivision II of appellant's brief which requires discussion.

Appellant next contends (subdivision III of his brief) that the trial court erred in submitting to the jury any question as to the place where the notes sued upon were executed. Appellant does not in his brief even direct our attention to the instruction of the court

of which he complains, or to any ruling of the trial court which he challenged, and this assignment of error cannot be considered.

■ Appellant next contends that the court erred in refusing to strike certain testimony of respondent relating to what was said and done at the time of the signing of the notes sued upon. Respondent had testified that the notes were executed in payment for the stock, and that the stock had never been tendered to him. Respondent also testified that it was agreed that the notes were to become effective and binding upon him upon delivery of the stock. At the same time, a written stock subscription, signed by respondent, was admitted in evidence, and appellant's counsel immediately moved to strike respondent's testimony as to the condition under which the notes were delivered, for the reason that the written stock subscription contained all the conditions of the contract, and "being in writing, is the best evidence and all oral testimony about it should be stricken." The court denied the motion, to which appellant excepted.

The testimony which respondent had given tended to prove a condition precedent, or conditional delivery. Such testimony was competent. *Reiner v. Crawford,* 23 Wash. 669, 63 Pac. 516, 83 Am. St. 848; *O'Connor v. Lighthizer,* 34 Wash. 152, 75 Pac. 643; *Seattle Nat. Bank v. Becker,* 74 Wash. 431, 133 Pac. 613; *Gwinn v. Ford,* 85 Wash. 571, 148 Pac. 891; *Antill v. Neely,* 145 Wash. 341, 260 Pac. 252; *Vincent v. Russell,* 101 Ore. 672, 201 Pac. 433, 20 A. L. R. 417; 10 R. C. L. 1053. The trial court did not err in denying appellant's motion to strike.

■ Under the evidence, the question of good faith was for the jury. *Allen v. Landre,* 120 Wash. 171, 206 Pac. 845. The jury might well have concluded from all the evidence that vital matters in connection with the transaction had been misrepresented to respondent.

Appellant next contends that the trial court erred in receiving in evidence a quitclaim deed and option. Appellant testified that he purchased respondent's notes from the Quicksilver Co. late in June, 1931, and that he had paid the corporation the full purchase price of the notes by the last of September following. The articles of incorporation of the Quicksilver Co. were signed June 17, 1931, and were not filed in the office of the secretary of state until June 23rd, several days after respondent signed the notes and stock subscription. As above stated, appellant was treasurer and one of the trustees of the Quicksilver Co.

Respondent testified that it had been represented to him that the Quicksilver Co. owned the mining property from which it expected to realize large returns. In fact, the Quicksilver Co. was not then in existence and never did own the property, but merely had an option to purchase the same. The corporate records were not produced, appellant testifying that he did not know where they were.

November 10, 1931, the Quicksilver Co. quitclaimed the mining property to Bonanza Quicksilver Mining Company, the corporation from which it had received the option. This deed was signed by appellant as an officer of the Quicksilver Co. On the same day, the Bonanza Mining Company gave back an option on the mining property to appellant and one W. S. Mitchell. These instruments were admitted in evidence, over appellant's objection. Appellant testified that November 19, 1931, the Quicksilver Co. had a bank balance of $2.88, and that he had not received any bank statement showing the company's account since.

Appellant, in seeking to prove the consideration which he had paid to the Quicksilver Co. for respondent's notes, introduced many of his checks which he testified represented payments which he made to or for

the benefit of the Quicksilver Co., and which represented disbursements on his part for which he was entitled to credit from the corporation. Some of these checks bear dates subsequent to November 10, 1931, after the Quicksilver Co. had quitclaimed its interest in the mining property. Appellant testified, both concerning these checks and those bearing earlier dates, that the money represented thereby was all spent for and on behalf of the Quicksilver Co. Appellant also testified concerning the Quicksilver Co.'s corporate affairs and his dealings with the company, and also concerning transactions with the Bonanza Quicksilver Mining Company, running well into the year 1932.

In view of appellant's testimony concerning all of these matters, the quitclaim deed from the Quicksilver Co. to the Bonanza Quicksilver Mining Company, bearing date November 10, 1931, and the option given by the grantee in that quitclaim deed to appellant and another, were clearly admissible, and the trial court did not err in overruling appellant's objection thereto.

Appellant complains of the refusal of the trial court to give certain of his requested instructions. The first of these requests concerned the matter of the weight to be given "mere sales talk or puffing statements." The court instructed the jury as to the burden of proof and the facts which they must find before they would be authorized to bring in a verdict in respondent's favor. The failure of the court to give the instruction requested by plaintiff cannot, in view of the instructions which were given, be held to be reversible error.

Appellant next complains of the refusal of the trial court to give his requested instruction No. 9, by which the court was requested to instruct the jury that, under the evidence, it was to be presumed that the transaction between respondent and the Quicksilver

Co. was consummated in the state of Washington, and that the burden rested upon respondent to prove by a preponderance of the evidence that the contract had been consummated elsewhere. This phase of the case was adequately covered by the instructions given, and this assignment of error is without merit.

Appellant next contends that the court erred in refusing his requested instructions Nos. 16 and 19. The requested instruction which appellant prints in his brief is his request No. 17, not No. 16, and contains an incorrect statement of the law, which the court was justified in refusing.

As to requested instruction No. 19, no sufficient exception to the refusal of the court to give the same was preserved.

Appellant makes no argument in support of his contention that the trial court erred in denying his motion for a new trial, save his general argument, as hereinabove discussed. The court did not err in denying appellant's motion for a new trial and in entering judgment of dismissal with prejudice pursuant to the verdict of the jury.

The judgment is accordingly affirmed.

STEINERT, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.