[No. 32163. Department One. March 17, 1953.]

NELSON EQUIPMENT COMPANY, *Appellant,* v. J. D. GOODMAN, *Respondent.*[1]

*Kenneth C. Hawkins,* for appellant.

*George W. Wilkins* and *Mark C. Delle,* for respondent.

WEAVER, J.—This case brings into sharp focus the parol evidence rule and the doctrine of conditional delivery of written contracts.

Plaintiff appeals from a judgment dismissing its action for the purchase price under a conditional sales contract, and a promissory note executed as a down payment.

[1]Reported in 254 P. (2d) 727.

March 1, 1951, defendant signed a written instrument ordering a "Hough H. M. Payloader" from plaintiff. The order contains the written notation "Subject switch HMD first available" (which refers to a change from gas to diesel power), and the printed statement:

"It is understood that the contract embodies the entire agreement between the parties and that there are no verbal understandings or agreements other than as expressed herein, and that the order shall become binding upon the undersigned and this contract in full force and effect when the same has been accepted at the home office of the said Nelson Equipment Co."

A conditional sales contract was prepared pursuant to the order, signed by plaintiff's president, and forwarded to plaintiff's salesman in Yakima to present to defendant. March 5, 1951, defendant signed it. Monthly periodic payments were to be made on the contract commencing April 15, 1951. The promissory note, dated March 6, 1951, was due June 6, 1951. The conditional sales contract was filed for record in Yakima county on March 14, 1951.

March 9, 1951, the manager of plaintiff's Seattle branch office wrote defendant:

"We sincerely appreciate very much your order for the one Model HM Payloader and I am sorry to be late in writing to thank you for this order and contract which was returned to me by Mr. DeWitt Harrington, our salesman, but he was not in the office until this morning when I obtained your address. I also do not want you to think that we are not going to send a mechanic to service your unit or to supply you with parts books, tools and accessories that go with the machine. . . . Again we sincerely thank you for this very nice order and assure you that you will receive service and attention to your needs. . . ."

March 12, 1951, the assistant to the president of plaintiff's firm wrote defendant from its Portland office:

"We are pleased to attach your copy of Conditional Sale Contract on the Model HM Hough Payloader, which sale was handled through our Seattle Office. . . . If there is any further way in which we may be of service, please feel free to call upon us."

Plaintiff assigned the conditional sales contract to a bank. (It was later reassigned.) Defendant admitted receiving two notices demanding payment from the bank, presumably for the monthly payments due April 15 and May 15, 1951, according to the terms of the contract. Defendant did not answer these demands, nor did he answer a demand for payment made by plaintiff. Defendant had possession of the machine. The evidence is vague as to the extent of the use he made of the payloader; however, his name, as an excavating contractor, and phone number were painted on it.

To plaintiff's action, based upon the conditional sales contract and promissory note for the purchase price, defendant pleaded an affirmative defense of "conditional delivery," in which defendant alleged:

"I. That on or about March 1, 1951, plaintiff corporation through its purported agent, DeWitt Harrington, left with defendant at defendant's place of business in Yakima, Washington, one Hough Loader solely for trial by defendant and for demonstration by the defendant to others and on the following conditions, to-wit: that defendant would by June 15, 1951, decide whether he wished to buy the loader or not; that if by said time defendant decided not to keep or buy the said loader defendant was to pay plaintiff $603.00, and plaintiff would remove the loader; . . .

"II. That on or about the 6th day of March, 1951, plaintiff, through its agent, DeWitt Harrington, falsely and fraudulently induced defendant to sign and hand over a promissory note and a conditional sales contract, . . . by advising and assuring defendant that said note and contract did not constitute a sale of the loader nor create any obligation on the defendant at all but were being conditionally delivered, only, by defendant to be held by plaintiff subject to becoming a valid and enforceable obligation solely and only on the contingency that on or before June 15, 1951, defendant should decide to buy the aforementioned loader. . . ."

Plaintiff has assigned as error the admission of oral evidence (to which timely objection was made) supporting the allegations of the affirmative defense. The court made no finding of fraud, nor is fraud argued on this appeal.

In numerous decisions, this court has permitted parol evidence to show that a negotiable instrument, absolute in

form, though delivered to the payee, is not to become a binding obligation except upon the happening of a certain event. *Young v. Smith,* 14 Wash. 565, 45 Pac. 45; *Seattle v. L. H. Griffith Realty & Banking Co.,* 28 Wash. 605, 68 Pac. 1036; *Ewell v. Turney,* 39 Wash. 615, 81 Pac. 1047 (rule recognized but proof held insufficient); *Seattle Nat. Bank v. Becker,* 74 Wash. 431, 133 Pac. 613 (demurrer overruled to affirmative defense); *Gwinn v. Ford,* 85 Wash. 571, 148 Pac. 891 (rule recognized but held not to be within scope of the pleadings); *Dickson v. Protzman,* 123 Wash. 247, 212 Pac. 249 (it must be a condition precedent to the note becoming a valid obligation and not merely precedent to its payment); *First Methodist Episcopal Church v. Soden,* 131 Wash. 228, 229 Pac. 534; *First Bank of Cordova v. Tjosevig,* 138 Wash. 231, 244 Pac. 736; *Blaine v. Darwin,* 160 Wash. 327, 295 Pac. 131 (rule recognized); *McGregor v. First Farmers'-Merchants' Bank & Trust Co.,* 180 Wash. 440, 40 P. (2d) 144 (recognizes the rule); *Walker v. Copeland,* 193 Wash. 1, 74 P. (2d) 469.

These cases, and the rule therein set forth, permitting oral evidence of prior or contemporaneous agreements that the negotiable instrument was conditionally delivered and was not to become effective as a binding obligation until a condition precedent had happened or had been performed, are not determinative of the problem in the instant case. Such evidence is not inconsistent with the terms of the instrument. It does not contradict or seek to vary its terms. The negotiable instrument is precisely what both the maker and the payee intend it to be. This conclusion is fortified by the fact that our statute (Laws of 1899, chapter 149, § 16, p. 344; Rem. Rev. Stat., § 3407; RCW 62.01.016) provides that such an instrument is "incomplete and revocable" if delivery is

". . . shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."

This court has also adopted the rule of "conditional delivery" as applicable to other contractual situations. *Reiner v. Crawford,* 23 Wash. 669, 63 Pac. 516. (We treat defend-

ant's promissory note in the same category as the conditional sales contract for it is supplementary to it.)

There is a fine line of distinction (not always apparent) between the well-established rule that parol evidence is not admissible to vary the terms of a written instrument, and the exception which permits parol evidence to show that the instrument never became a binding obligation because of the nonperformance of a condition precedent. When applied to "conditional delivery" of negotiable instruments, the line appears more definite; but it frequently wavers, and sometimes disappears entirely, when the factual situation involves another type of contract.

The difficulty is not with the rule. It is the application of the rule to the varying facts of each case which has caused the apparent inconsistencies in the decided cases. We have, however, evolved a test which is helpful in determining on which side of the line parol testimony falls. In *Mapes v. Santa Cruz Fruit Packing Corp.*, 26 Wn. (2d) 145, 173 P. (2d) 182, we said:

"In the final analysis, the question always resolves itself down to this: Does the parol testimony actually vary or change the terms of a written contract? If it does, it is not admissible. However, if, contemporaneously with the execution of a writing, the parties entered into a distinct, collateral contract, which had not been reduced to writing, such contract may be proved by parol testimony *so long as such evidence is not inconsistent with, and does not contradict, the writing.*" (Italics ours.)

The test of whether the parol evidence is consistent or inconsistent with the written instrument was recognized in *McGregor v. First Farmers'-Merchants' Bank & Trust Co.*, 180 Wash. 440, 40 P. (2d) 144.

The same rule is announced in 1 Restatement, Contracts, § 241, p. 340, as follows:

"Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative

*if there is nothing in the writing inconsistent therewith."* (Italics ours.)

As an illustration under this section of the Restatement, the following is given:

"1. A and B make and sign a writing in which A promises to sell and B promises to buy goods of a certain description at a stated price. The parties at the same time orally agree that the writing shall not take effect unless within ten days their local railroad has cars available for shipping the goods. The oral agreement is operative according to its terms. If, however, the writing provides 'delivery shall be made within thirty days' from the date of the writing, *the oral agreement is inoperative."* (Italics ours.)

See, also, 3 Williston, Contracts (Rev. ed.), 1822-27, § 634, wherein the author states:

"Accordingly, it may be shown by parol evidence not only that a writing was never executed or delivered as a contract, or that the validity of the agreement was impaired by fraud, illegality, duress, mistake, insufficiency of consideration, or failure of consideration, rendering it void or voidable; but also (if the writing is unsealed) that the parties agreed by parol that the writing in question should not become effective until some future day or the happening of some contingency, *if this is not inconsistent with the express terms of the writing."* (Italics ours.)

Although there is authority in "conditional delivery" cases indicating that parol evidence is admissible even though it is inconsistent with the written instrument (see *In re H. Hicks & Son,* 82 F. (2d) 277, quoted in *Bond v. Wiegardt,* 36 Wn. (2d) 41, 216 P. (2d) 196), logic would seem to require that it be consistent with the terms of the instrument, else the exception nullifies the parol evidence rule.

In *Mapes v. Santa Cruz Fruit Packing Corp., supra,* the plaintiff (who was suing for an amount over and above the written contract price of the product sold) alleged that, at the time the written instrument was executed, it was agreed between the parties that the written contract should not come into force and effect unless the office of price administration passed a resolution preventing payment of a price more than the contract price, and that no such regu-

lation came into being. We held parol evidence of this allegation inadmissible, because the offered evidence, being inconsistent with the written instrument, contradicted and varied its terms.

In the instant case, defendant signed a written order for the machine, which order did not become effective until accepted by the plaintiff. It provided that the contract embodied the entire agreement between the parties. Defendant had notice of plaintiff's acceptance. He was thanked for his order. (See *Hill's, Inc. v. Kessler, Inc.*, 41 Wn. (2d) 42, 246 P. (2d) 1099.) He signed a conditional sales contract to purchase. It provided: "This contract constitutes the entire agreement;" and that "Time is of the essence hereof." It further provided for a monthly payment of $603.14 on April 15, 1951, and May 15, 1951. The promissory note was due June 6, 1951. So far as plaintiff was concerned, it was a completed transaction.

The parol testimony, that defendant had until June 15, 1951, to decide whether he desired to keep the machine, is inconsistent with the written instruments, contradicts the terms of the writings, and hence, is inadmissible.

In *Holt Mfg. Co. v. Odenrider*, 61 Wash. 555, 112 Pac. 670, the defendant alleged that a written contract for the purchase of a harvester " 'was not to be completed nor deemed in effect nor become effective or delivered to the Holt Manufacturing Company, for at least one month, and that he [defendant] was to have the right at any time within the month to recall said contract' " from the possession of the salesmen. We sustained the trial court in its refusal to admit evidence of the claimed conditional delivery of the contract on the ground that it contradicted the terms of the written instrument.

The judgment is reversed, with instructions to enter judgment for plaintiff.

GRADY, C. J., MALLERY, HAMLEY, and DONWORTH, JJ., concur.