## Jacob P. Schnellbacher and Henry Schnellbacher v. The Frank McLoughlin Plumbing Co.

1. EVIDENCE—*Statements of Account—When Not Proper.*—Statements of account appearing to be purely an afterthought and made up simply for use upon the trial, not coming within any rule of evidence permitting the use of memoranda by witnesses, are not admissible as evidence.

**Assumpsit,** on a contract for plumbing. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge. presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed October 12, 1899.

JACK & TICHENOR, attorneys for appellants.

DAN R. SHEEN and A. KREISMAN, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Appellee brought suit against appellants to recover a balance alleged to be due it for plumbing, gas and steam-fitting in remodeling a hotel in Peoria. There was a trial by jury, and a verdict in favor of appellee for $1,200, upon which judgment was entered, and the defendants appealed to this court.

There is a sharp conflict in the evidence as to the terms upon which the work was performed and materials furnished. The contention of appellants is that appellee contracted to do the work, and furnish the materials for the necessary plumbing work, in remodeling the hotel, for the sum of $3,175, less an allowance or deduction therefrom for old material in the building, which could be used again; the amount of such deduction to be determined as the work progressed. Also that there was to be a further reduction on account of cheaper fixtures being used than those bid upon, it being claimed by appellants that such deduction or difference in the cost of fixtures was agreed upon between the parties soon after the contract was let to appellee.

On the other hand, appellee insists that it did the work and furnished the materials under a *quantum meruit*. It also claims to have made various changes and alterations in the work differing from the original plan, and that these changes were made under the direction of Jobst, a contractor who did the carpenter work; that under the arrangements between appellants and Jobst, the latter was superintendent of the building, and that his orders were binding upon appellants. But appellants contend that Reeves, the architect, was the superintendent of the building, and the only one whose orders were binding upon them.

These were all questions of fact for the jury, and as the case must be remanded for a new trial, for the reasons hereafter given, we forbear expressing any opinion at this time upon the evidence relating thereto. It appears from the evidence that appellants have paid appellee the sum of $3,940.34, and, it would seem, are entitled to some credits for old materials used and for cheaper fixtures' furnished. Whether anything is still due appellee is a question to be determined by the jury upon a proper trial of the case.

Thomas F. McQuellon was sworn as a witness on the part of the plaintiff, upon the trial of the case, and testified concerning his estimate of the labor and materials put into the building by appellee. The witness had prepared this estimate before coming upon the stand, and it consisted of a lengthy and detailed statement covering many pages. This statement was made up partly from the witness' own knowledge, partly from what he found in various memoranda in possession of appellee, and partly from what he was told by workmen of appellee, who were not produced as witnesses in the cause. It was made up long after the work was done, and after this controversy had arisen. It was not made by McQuellon as a part of his duty while working for appellee, during the remodeling of the building, nor as a memorandum of any business transaction proper to be kept at the time.

The statement appears to be purely an afterthought, made

up simply for use upon the trial. It did not come within any rule of evidence permitting the use of memoranda by a witness, yet, not only was the witness permitted to refer to it while testifying, but the paper or statement itself was admitted in evidence over the objection of appellants. This we think was manifest error. The witness should have been required to state on the stand such material facts as were within his own knowledge. To allow this paper statement to go into the evidence was extremely unfair to the opposite party, who could not be expected to meet and rebut a case thus sworn to *en masse* or in bulk, especially when the statement is not made up from original documents or books of account, but has been subsequently prepared from many sources, some of which were clearly hearsay and incompetent. Again, appellee, over the objection of appellants, was permitted to put in evidence many bills for materials it had purchased from various dealers, upon the lump statement made by a witness that much of such material went into the hotel; that he could not tell what items, or how much they amounted to, but that at least nine-tenths of the items went into the building. We think it clear that these bills should not have been admitted in evidence. In other cases the witness erased from the body of similar bills items which he testified did not go into the hotel, and upon his testifying that the rest of the items in the bill did go into the house, the whole paper upon which the bill was written, with no figures or totals erased, went to the jury over appellant's objection. In this manner large totals were gotten before the jury, which totals included many items which it was conceded did not go into the hotel, and appellants were left to the chance that the jury would or would not make the proper deductions from the totals. We think this was improper and eminently unfair to appellants. It would probably have been proper to permit the witness to refer, while testifying, and for the purpose of refreshing his recollection, to bills containing items which did not go into the building, as well as those which did, but we are of opinion such bills could not properly go to the jury, con-

taining, as they did, items used elsewhere and not in the work done for appellants.

The court erred in refusing the second instruction asked by appellants, but as the jury found a verdict against them for $1,200, such refusal did them no harm.

Instruction number 4 asked by appellants, was calculated to mislead, and we think was properly refused.

For the reasons above given the judgment must be reversed and the cause remanded for a new trial.

The motion to tax costs of supplemental abstract against appellants (which was taken with the case), will be denied, for the reason that by our decision all costs are taxable against appellee.

Judgment reversed and cause remanded.