[No. 10876.  Department Two.  April 19, 1913.]

INDEPENDENT ASPHALT PAVING COMPANY, *Respondent*, v.
JOSEPH N. HEIN *et al.*, *Appellants*.[1]

APPEAL—REVIEW—VERDICTS.  A verdict upon conflicting evidence
correctly submitted is controlling on appeal.

APPEAL—RECORD—INSTRUCTIONS.  Instructions cannot be reviewed
on appeal when not made a part of the record, or when only isolated
instructions are presented which may be correct when the instruc-
tions are considered as a whole.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS TO EVIDENCE.  If
an answer to a question contains improper matter or is not respon-
sive to the question, it is necessary to ask that the court strike it,
and a mere objection to the question does not raise any question for
review on appeal.

Appeal from a judgment of the superior court for Kitsap
county, Bell, J., entered March 13, 1912, upon the verdict of
a jury rendered in favor of the plaintiff, in an action of eject-
ment.  Affirmed.

*Frank A. Paul* and *Addison W. Hastie*, for appellants.

*Jas. W. Carr*, for respondent.

MORRIS, J.—This action involves the ownership and right
of possession of a strip of land 120 feet in width by about
2,500 feet in length.  Respondent, alleging the ownership and
right of possession in itself, brought the action, alleging the
claim of appellants to the ownership, and that under this claim
they were intending to take possession and deprive respondent
of its use and occupancy, and praying for a decree putting it
in possession of the strip and enjoining the appellants from
asserting any claim thereto.  The appellants, by answer,
asserted their title and ownership of the strip, and prayed a
dismissal of the action.  A temporary restraining order was
issued by the court, enjoining appellants from taking any
steps to assert their claim, and the cause proceeded to trial.

[1]Reported in 131 Pac. 471.

Appellants asked the court to submit the issues to a jury, which was done, and a verdict returned in favor of respondent as to all issues. Appellants then moved for judgment notwithstanding verdict, which was denied. The court then entered judgment on the verdict and this appeal follows.

The first error assigned is the denial of these motions. We can find no error in these denials. The evidence was of such a character that the jury could determine that the respondent was right in its contention, and it is not for us to say that, under these circumstances, the verdict should have been otherwise. It has so often been held that the verdict of a jury upon an issue correctly submitted to it is controlling on appeal that we will seek no other reason for overruling this assignment.

It is next contended that two instructions were erroneous. The instructions given by the court are not sent up. The two complained of are printed in the brief. This is not sufficient to raise any question of error. We have, in connection with other courts, often said that instructions must be read as a whole. It will not do to pick out excerpts from the whole body of instructions and say "this does not correctly state the law." Standing alone, perhaps it does not, yet when read in connection with other instructions and fitted into its proper place, no error could be found. One of these complained-of instructions was as follows:

"If you find from the evidence that such original government monuments commonly known as the initial point can be definitely ascertained, then in this case you will ascertain from the evidence as to whether or not the measurements as testified to by the witnesses for the plaintiff are correct, and if you so find then your verdict will be for the plaintiff."

Appellants attack the instruction as not being consistent with the two preceding instructions, and thus confusing the jury; but we do not know what these two preceding instructions were, and hence we cannot say there is any inconsistency or confusion. As it stands alone, we can see no error in it. If, knowing the true initial point, the measurements submitted

by plaintiff were correct and established its contention, manifestly it was entitled to a verdict, and that is all the instruction says.

The next instruction complained of is:

"You are further instructed that if you find from a preponderance of the evidence, that the fences of the defendants Hein or Weidlich, or either of them, are upon the property of the plaintiff or any part thereof, your verdict will be for the plaintiff."

This instruction was evidently intended to cover a disputed point in the evidence as to whether these fences were on plaintiff's or defendants' lands. We must assume the jury were properly instructed as to the proper rules for determining to whom the land belonged; and this being done, it would follow that, so far as the claim of ownership or possession was represented by the fences, plaintiff would be entitled to a verdict if defendants' fences were on plaintiff's lands. The objection is that the instruction is redundant and surplusage; but, for the reasons heretofore given, we cannot say whether it is or not, and hence we find no error in it.

The next error assigned is to the ruling of the court upon an objection made during the examination of a civil engineer, who was detailing a survey made by him. A question was asked to which no objection was made, and the witness answered. Counsel for appellants then said: "We object to the use of legal propositions." The court: "Objection overruled." Mr. Hastie: "It is incompetent, immaterial and not responsive to the question. I think that is not a question for the surveyor to settle." Mr. Carr: "I want to know what he runs his line by." The court: "Objection overruled." The first objection called for no ruling by the court, since it was not asked to strike the answer. Under our practice, if an answer contains improper matter, the court should be asked to strike it. In his second objection, counsel makes it plain that the objection was based upon the answer as not being

responsive to the question. If he so considered, he should again have asked the court to strike it and request an instruction to the jury to disregard it. Not having done so, we cannot say it was error, since if the answer was improper, counsel neglected to make use of ample opportunity afforded him at the time to correct the error.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.

## ON PETITION FOR REHEARING.

[Decided August 23, 1913.]

PER CURIAM.—Appellants, in a petition for rehearing, call the attention of the court to the fact that, subsequent to the argument of this case and its assignment for opinion, a supplemental transcript was filed containing the instructions referred to in the opinion filed April 19th, 1913.

When the opinion was written, not finding any other instructions than those referred to in the briefs, those instructions were necessarily examined and treated as if standing alone.

The case has now again been examined and the assignment of error reviewed in the light of the supplemental transcript, and the court still adhering to the conclusion first reached, and finding no prejudicial error, the petition for rehearing is denied.