[No. 22973. Department One. April 2, 1931.]

MINNIE RYCKMAN, *Respondent,* v. JOHN P. JOHNSON
et al., *Appellants.*[1]

*N. K. Buck* and *Grady & Velikanje,* for appellants.
*Snively & Bounds,* for respondent.

[1]Reported in 297 Pac. 206.

.TOLMAN, C. J.—This is an action to recover damages alleged to have been sustained by reason of false and fraudulent representations made to induce the exchange and purchase of real estate. The case was tried to a jury, which returned a verdict in favor of the plaintiff, and, after allowing a certain offset, a judgment thereon was entered, from which the defendants have appealed.

Respondent, a widow, lived in Ballard, where she owned two lots upon which she had recently constructed a dwelling house. This property, subject to a mortgage, she was induced to exchange for a forty-acre farm in Yakima county, belonging to the appellants.

The farm was subject to a mortgage, but in the trade was valued at $7,500, and, after allowing for the respective mortgages, the respondent took title to the farm and gave back a second mortgage for the balance of the purchase price, amounting to $1,900.

This mortgage had been foreclosed prior to the trial below, resulting in a deficiency judgment against the respondent, which, at the time of the entry of the judgment in this case, amounted to $927.55. On motion of the appellants, the trial court allowed this amount as a set-off against the verdict of $3,000 returned by the jury, and entered a judgment against the appellants for the sum of $2,116.45.

It is argued by respondent that, by interposing this set-off, and so far paying the verdict, the appellants have lost the right of appeal. Accepting respondent's contention that a set-off is in the nature of a cross-action, is separate and independent, and that it does not deny the plaintiff's cause of action, still we see no reason why, after denying the allegations of the plaintiff's complaint, this judgment, if it then existed,

might not, by a separate and affirmative answer, have been pleaded as an offset.

In other words, while an offset does not deny the plaintiff's cause of action, we can see no reason why it cannot be presented in conjunction with a denial, and, if the defense to the plaintiff's cause of action fails in whole or in part, then the offset, if established, would become effective.

True, our statute, Rem. Comp. Stat., § 271, says, "To entitle a defendant to a set-off he must set the same forth in his answer;" but, under our liberal rules, an answer may be amended at any time before judgment in order to do substantial justice; and, treating the action here taken as having that effect, we see nothing in what was done which should, or does, prevent an appeal from the judgment as entered.

The complaint, among other things, alleged that the trading price of the farm was $7,500, and that its actual value at the time did not exceed $2,500. This latter allegation was denied by the answer. Respondent presented no evidence whatever from which a jury could say what was the value of the farm as it actually existed, or what its value would have been if it had been as represented. *Edwards v. Powell,* 121 Wash. 598, 210 Pac. 7, 212 Pac. 163. True, the conditions as to the soil, and so forth, were gone into fully, and there were some statements to the effect that no crop could be raised which would pay the cost of planting, care, and harvesting, plus taxes and water charges; and that the place was valueless for farming purposes. At the same time, and from the same witnesses, generally speaking, it was made to appear that anywhere from three to ten acres were not subject to the adverse conditions complained of, that considerable alfalfa hay was raised on the farm each year, and that one hundred fifteen sacks of wheat were raised the first year

and ninety sacks of wheat the second year, in addition to some other minor crops. There was also testimony indicating that the place might be more valuable for a dairy farm than for cropping.

Testimony was produced by the defense from which the jury might have found that the farm, if as represented, would have been worth anywhere from six thousand dollars to seven thousand dollars; but, unless we are to hold that the farm, with its substantial dwelling house and its crop-producing qualities, to which we have referred, must necessarily have been found to be valueless, there was before the jury, at the close of all of the evidence, no basis upon which a verdict could be rested.

At the close of the respondent's case in chief, the appellants moved for a nonsuit, solely upon the ground that there was insufficient evidence to show fraud and misrepresentation. If the question now presented had been then raised, respondent might have asked and received permission to reopen her case and supply the needed evidence as to values. At the close of all of the evidence, a motion for a directed verdict was interposed upon the ground that no cause of action had been proven. While, technically, that motion may have covered the point we are now discussing, still, so far as the record shows, nothing was then said or done to call attention to the particular point, and, no doubt, both court and opposing counsel thought the motion to be simply a renewal of the former motion. The motion for a new trial does raise the point, and we must assume that it was then for the first time called to the attention of the trial court; and we think that, because of the lack of any evidence of values upon which the verdict could rest, a new trial should have been granted.

Since a new trial must be had, we mention

briefly two other questions raised. Respondent and her witnesses were permitted to testify, over objection, that appellant told her, at the time of the negotiations, that she could pay off the balance of $1,900, for which she gave the second mortgage, out of the first year's crop raised on the land. It is urged that 'this was an expression of opinion only. We think it involved more than that. Such a statement, coming from the owner, who had himself farmed the land, was the equivalent of saying that, with proper skill and care, and in a normal season, the land was capable of producing a crop of the net value of $1,900. We think the evidence admissible. *Warwick v. Corbett,* 106 Wash. 554, 180 Pac. 928; *Holcomb & Hoke Mfg. Co. v. Auto Interurban Co.,* 140 Wash. 581, 250 Pac. 34.

Appellants attempted to introduce evidence to the effect that, two or three years before this transaction occurred, the farm in question had been appraised by a mortgage company, for the purposes of a mortgage loan, at a valuation of $7,500. While somewhat remote and not very conclusive in any event, still the trial court was disposed to admit the testimony; but, it being presented in an indirect way, partly by one witness and partly by another, rulings on objections were made which shut out the desired testimony. Probably on another trial the evidence will be offered in a more orderly way, and it is sufficient now to say that, if properly presented, it should be admitted for what it is worth.

The judgment will be reversed, with direction to grant a new trial and to permit the appellants to separately plead their offset if they desire.

MAIN, PARKER, and MITCHELL, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent. In my opinion there was ample evidence to justify the verdict of the

jury, in effect, that the ranch in Yakima county, traded to respondent, was worthless for farming purposes; besides which, the jury visited the ranch and made a thorough inspection. If the ranch was, as the jury found, wholly worthless for farming purposes, it was, of course, as any sensible man would see, worthless for a home. The farm and the home could not be separated. There was no contradiction of the evidence of respondent that the value of the house and two lots in Seattle were worth what she represented them to be.

Moreover, I cannot give assent to the instruction to the trial court on new trial to admit the evidence as to an appraisal made on behalf of a loan association some time in 1923, more than three years before the transaction in suit, to the effect that the ranch had been appraised by the loan company for the purpose of a mortgage loan at a valuation of $7,500. This evidence was not only remote and very inconclusive, it was wholly immaterial and incompetent for the purpose. As a matter of fact, the trial court stated that if the appraisers acting for the loan company were called as witnesses and qualified as experts the court would admit the testimony. An appraiser was then called and it was disclosed that the report of the appraisement did not describe the ranch property. The appraiser then stated that he did not know the description of the land, and did not know whether it was the land referred to or not, or whether the land appraised was irrigated or not. It was thus shown that his testimony was wholly worthless, and the court then rejected it.

In my opinion, the judgment should be affirmed.