[No. 24946. Department One. March 12, 1934.]

CURTIS ELLIOTT, *Respondent,* v. NELLIE WHEELOCK
*et al., Appellants.*[1]

C. J. *Henderson* and *Alfred McBee,* for appellants.
R. V. *Welts* and A. H. *Ward,* for respondent.

MITCHELL, J.—Curtis Elliott, a pedestrian, was injured by an automobile driven by defendants at or near a street intersection in Sedro Woolley. The automobile, being driven south, ran over the plaintiff at a point appreciably off the west edge of the pavement. He brought this action for damages, which resulted in a verdict and judgment in his favor. The defendants have appealed.

The first assignment is that the court erred in giving instruction No. 7, with respect to unnecessarily driving off the pavement, as a part of an instruction on

[1]Reported in 30 P. (2d) 370.

the statute against driving a vehicle over or along a pavement on a public highway with one or all wheels off the pavement except for the purpose of stopping off the pavement. The particular objection urged seems to be fully answered by another instruction given by the court, brought up by the respondent.

Still further, while instruction No. 7 is printed in the brief and brought up in the record from the trial court, it is clear from the record altogether that only a relatively small part of the instructions in the case have been brought up, and it is the rule that instructions must be considered as a whole, and in the absence of all the instructions appellants are not in a position to claim error with reference to the giving of one instruction. In *Independent Asphalt Paving Co. v. Hein,* 73 Wash. 127, 131 Pac. 471, discussing such a situation, this court said:

"It is next contended that two instructions were erroneous. The instructions given by the court are not sent up. The two complained of are printed in the brief. This is not sufficient to raise any question of error. We have, in connection with other courts, often said that instructions must be read as a whole. It will not do to pick out excerpts from the whole body of instructions and say 'this does not correctly state the law.' Standing alone, perhaps it does not, yet when read in connection with other instructions and fitted into its proper place, no error could be found."

The next six assignments are that the court erred in giving instructions 10, 11, 13, 14, 29 and 33. Not one of these instructions is printed in the brief. There is a failure to comply with the rule of court VIII, § 2, 159 Wash. xliii, namely:

"Where an objection is based on an instruction of the court, the instruction shall be set forth in the brief in full."

Such assignment of error, not supported by a compliance with the rule, "is not entitled to consideration." *Lund v. Seattle,* 163 Wash. 254, 1 P. (2d) 301.

The remaining complaint on the part of the appellants is that the court erred in refusing to give their requested instruction No. 17. It is argued that the instruction is a correct statement of the law, and that "no instruction covering this phase of the case was submitted." Here, again, we are at a disadvantage, as the record contains only a portion of the instructions given by the court, as heretofore mentioned, and this assignment, we think, is not entitled to consideration.

Affirmed.

MAIN, MILLARD, and STEINERT, JJ., concur.

BEALS, C. J., concurs in the result.