[No. 24796. Department One. May 7, 1934.]

MINNIE RYCKMAN, *Respondent,* v. JOHN P. JOHNSON
*et al., Appellants.*[1]

*N. K. Buck, Grady & Velikanje,* and *Stanley P. Velikanje,* for appellants.

*Snively & Bounds,* for respondent.

MILLARD, J.—This is an action to recover damages claimed to have been sustained by reason of false and

[1] Reported in 32 P. (2d) 116.

fraudulent representations made by the defendants to induce the exchange and purchase of real estate. From judgment on the verdict in favor of the plaintiff, the defendants have appealed.

This cause was once before in this court. *Ryckman v. Johnson*, 161 Wash. 568, 297 Pac. 206. The first appeal was from a judgment on the verdict in favor of plaintiff. That judgment was reversed, with direction to grant a new trial, "because of the lack of any evidence of values upon which the verdict could rest."

Respondent resided in Seattle, where she owned two lots upon which she had constructed a dwelling house. She was induced to exchange that property, which was subject to a mortgage, for a forty-acre farm in Yakima county, owned by the appellants. The farm property was also subject to a mortgage. In the trade, the farm property was valued at seventy-five hundred dollars. After allowing for the respective mortgages, the respondent took title to the farm and gave back a second mortgage for the balance of the purchase price of nineteen hundred dollars.

Appellants first contend that the court erred in permitting respondent to testify over their objection, in view of the fact that the complaint did not allege that any such representation was made, that appellants told her that the mortgage for the balance of the purchase price could be paid out of the first year's crop raised on the land. We held on the first appeal that the evidence was admissible, saying:

"Such a statement, coming from the owner, who had himself farmed the land, was the equivalent of saying that, with proper skill and care, and in a normal season, the land was capable of producing a crop of the net value of $1,900."

Appellants next insist that the evidence as to the value of the farm was insufficient. The complaint

alleged that the trading price of the farm was seventy-five hundred dollars, and that its actual value at the time was not in excess of twenty-five hundred dollars, which allegation was denied by the answer. There was ample testimony of witnesses well acquainted with the land in question to the effect that the fair market value of the land, at the time of the exchange of properties, did not exceed twelve or thirteen hundred dollars; that, at the present time, the land is valueless for farming purposes, but the house thereon has a value of six hundred dollars. One witness testified:

"Q. How long have you known this place called the Johnson place? A. About 15 or 16 years, I don't know exactly. Q. What would you say was the fair market value of that land in the later winter of 1926 or early winter of 1927, along in December and January? A. $1,200 or $1,300. Q. What do you think it is worth now? A. Well, that is a pretty hard question to answer, the land itself isn't worth anything, the house would have some value to move off and use on another place, I suppose $600, something like that. Q. Had it any value as farm land? A. No, it is worth less than nothing for value as farm land and has been for many years. Q. Was it worth anything in 1927? A. Not for farming. Q. Anything you know of could be raised on that land enough to pay the taxes and water? A. No, couldn't raise anything."

A number of other witnesses testified that the land was incapable of producing crops sufficient to pay the cost of farming the land. There was ample competent evidence to sustain the verdict in favor of the respondent.

Appellants further contend that the court erred in refusing to admit testimony as to conversation relative to the value of respondent's property, in view of evidence that the prices were based upon trading values on both sides. In *Edwards v. Powell*, 121 Wash. 598, 210 Pac. 7, 212 Pac. 163, which was an action for

damages in misrepresenting the value of lands traded by defendant for a drug store, we held that the value of the drug store was immaterial, except to show that plaintiff parted with some value; and it was not error to exclude it upon an issue as to the amount of the damages. We said:

"There are cases which hold that, in an exchange of properties, the measure of damages is the difference between the values of the properties. These cases are from those jurisdictions which hold that the measure of damages in the case of a cash sale is the difference between the price paid and the value of the property received. As already stated, in the jurisdictions which have adopted the rule that the measure of damages is the difference between the value of the property received and what its value would have been if as represented, no distinction is made whether the transaction be for cash or whether it be one of exchange. In *Stoke v. Converse,* 153 Iowa 274, 133 N. W. 709, Ann. Cas. 1913E 270, 38 L. R. A. (N. S.) 465, it was said with reference to an exchange of properties where there had been a charge of fraud:

" 'It can make no difference whether the innocent party pay in money or in property. In either event he is entitled to the price he fixed' and the other party undertook to pay, and ought not to be compelled to accept a lower price because of another's fraud, and thereby allow the wrongdoer a bargain he could not have obtained by fair dealing. Otherwise the wrongdoer may speculate on the outcome of his fraudulent enterprise without possibility of loss, for, under the rule as stated in the instruction quoted, in no event would he be liable for more than the value received by him. But if compelled to make good his representations, he is not paying the innocent party a speculative price, but that which he represented him to be getting, and for which such innocent party parted with the consideration paid. We discover no reason to depart from the rule as laid down in *Likes v. Baer,* 8 Iowa 368, and followed since, i. e., that the measure of damages for deceit is the difference between the

market value of the property as it really was at the time of the purchase and the market value thereof as it would have been if as represented.'

"The next question is whether the trial court erred in rejecting certain offers of evidence relative to the value of the drug store. The issue to be tried under the rule above stated was the difference between the value of the land as it was and the value which it would have had if it had been as represented. The value of the drug store became material only to the extent of showing that the respondents had parted with something of value for the land, as pointed out in *Jones v. Elliott*, 111 Wash. 138, 189 Pac. 1007, where it is said:

" 'Since the gravamen of the action is damages, it is manifest that there could be no recovery unless the respondent had suffered damages, and it is equally manifest that she could have suffered no damages unless she gave value for the note. Hence, on this branch of the case, it was competent, if not necessary, to show the value of the property the respondent parted with in the exchange, and hence proper to submit to the jury the question whether the property given in exchange had value. The court did no more than this, and we cannot conclude that it committed error in so doing.' "

The only proof required of the respondent was that she parted with that which was of some value. That she did. Appellants at no time contended, nor do they argue now, that the respondent misrepresented the value of her property.

■ Error is assigned on the refusal of the court to give appellants' requested instruction No. 1. The giving of instruction No. 6 is also assigned as error. The two instructions are printed in the brief and brought up in the record from the trial court. However, the record clearly discloses that only a part of the instructions in the case have been brought to this court. It is the rule that instructions must be considered as a whole, and, in the absence of all the in-

structions, appellants are in no position to claim error with reference to the refusal to give the one instruction, nor may they successfully urge error as to the giving of instruction No. 6. *Elliott v. Wheelock*, 176 Wash. 597, 30 P. (2d) 370.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and STEINERT, JJ., concur.