[No. 26143.   Department One.   November 13, 1936.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSE L. JONES, *Appellant*.[1]

*Douglas D. Mote*, for appellant.

*Warren G. Magnuson, John M. Schermer*, and *Elinor March*, for respondent.

MAIN, J.—November 9, 1935, at or near the intersection of Eastlake avenue and east Boston street, in the city of Seattle, one D. Eric Swedman was struck by an automobile driven by Jesse L. Jones, and killed. Thereafter, Jones was charged, by information, with the crime of manslaughter. In the information, it was alleged that the defendant drove the automobile at an

[1]Reported in 62 P. (2d) 44.

excessive rate of speed and in a reckless manner, and that he was under the influence of intoxicating liquor. The trial resulted in a verdict of guilty as charged. Motion for new trial being made and overruled, the defendant appeals from the judgment and sentence.

We shall briefly notice what appear to us to be the appellant's principal contentions.

■ Upon the trial, a witness was called by the state, who had given testimony previously at the coroner's inquest. During the examination, the deputy prosecuting attorney claimed surprise at some of the witness's answers, on the ground that there was a variance between them and what she had said at the coroner's inquest, and asked permission of the court to cross-examine the witness. Over objection, this permission was granted. It developed that the testimony of the witness, in at least one material respect, was at variance with that which she gave at the coroner's inquest. There was no error in granting the request of the deputy prosecuting attorney.

■ When the defendant was being cross-examined, over objection, words were submitted to him for pronunciation which were similar in sound to a word which he had used at the police station immediately after the accident; the theory of the state being that the mispronunciation of the word at the police station was due to intoxication and the appellant claiming that it was due to an impediment in his speech. It was for the purpose of testing the witness in this regard that the words were submitted to him. The cross-examination was entirely proper.

■ During the trial, the state sought to interrogate one of its witnesses as to why a coroner's inquest was not held on the evening following the accident. The witness had previously testified that the appellant was drunk at the time. The state sought

to elicit from the witness that the reason why the coroner's inquest was not held at that time was due to the appellant's intoxication. This was objected to, and a colloquy took place between the court and counsel, in the course of which the attorney for appellant was admonished for arguing "back to the court." Thereafter, the jury was excused, and the court concluded that the evidence should be rejected. When the jury returned, the court made a statement to the effect that the testimony which had been offered was entirely immaterial and could not go in; and also stated that the appellant's attorney was excused from being so persistent in his opposition to the admission of the testimony. We see no possible basis for predicating error on what took place in this regard.

In his closing argument to the jury, the deputy prosecuting attorney made a remark which the appellant claims was not justified and was prejudicial to him. The remark complained of was proper in view of the evidence which had been admitted upon the trial.

In addition to the foregoing, error is assigned on the giving of Instruction No. 4, but this instruction is not set out in the brief as required by Rule of Court VIII, § 2, 159 Wash. xliii, and therefore cannot be considered. *Lund v. Seattle,* 163 Wash. 254, 1 P. (2d) 301; *Drainage Dist. No. 2 v. Everett,* 171 Wash. 471, 18 P. (2d) 53, 88 A. L. R. 123; *Elliott v. Wheelock,* 176 Wash. 597, 30 P. (2d) 370; *Scott v. Pacific Power & Light Co.,* 178 Wash. 647, 35 P. (2d) 749.

The judgment will be affirmed.

HOLCOMB, STEINERT, GERAGHTY, and BLAKE, JJ., concur.