[No. 26703. Department One. January 11, 1938.]

ALLMAN HUBBLE TUGBOAT COMPANY, *Respondent,* v. RELIANCE DEVELOPMENT CORPORATION, *Defendant,* LYTLE LOGGING & MERCANTILE COMPANY *et al.,* *Appellants.*[1]

[1]Reported in 74 P. (2d) 985.

*W. H. Abel* and *C. W. Hodgdon,* for appellants.
*Hogan & Adams,* for respondent.

MAIN, J.—This action was brought to collect a number of accounts for merchandise sold and services rendered, and, in the original complaint, the Reliance Development Corporation was named as the sole defendant. There were in the complaint seven causes of action, separately stated. The first was a claim for services rendered by the plaintiff, and the others were upon assigned claims. Subsequently, the Reliance Development Corporation, the defendant, filed a voluntary petition in bankruptcy. Following this, an amended complaint was filed, covering the same matter as the original complaint and adding, as additional parties, the Lytle Logging & Mercantile Company, a corporation, M. H. Myers and Mrs. M. H. Myers, and Robert E. Hatch, doing business as the Lytle Logging Company.

In this complaint, there was a charge that the additional defendants had conspired to defraud by means of the creation of the Reliance Development Corporation, the original defendant in the action. All of the additional defendants were served with process, with the exception of Mrs. Myers. The additional defendants each filed a general denial to the amended complaint, as had been the answer of the Reliance Development Corporation to the original complaint. The trial was to the court and a jury, and at the conclusion of the evidence the defendants challenged the sufficiency thereof and moved for a dismissal. This motion being overruled, the case was submitted to the jury and a verdict returned in favor of the plaintiff on all of the causes of action in the aggregate sum of $1,928.73. The

motion of the defendants for a new trial was overruled, and a judgment was entered upon the verdict, from which the Lytle Logging & Mercantile Company, M. H. Myers, and Robert E. Hatch appeal.

The facts which are not in dispute or which the jury had a right to find may be stated as follows: The Lytle Logging & Mercantile Company is a corporation organized under the laws of this state. M. H. Myers and Robert E. Hatch are residents of California, with offices in the city of San Francisco.

At a place known as Elk River, in Grays Harbor county, there was a stand of cedar timber. Logging operations in the vicinity had been conducted over a period of years by the Lytle Logging & Mercantile Company and the Elk River Logging Company, a corporation. Both these corporations had accumulated considerable logging equipment. The stock of the Lytle Logging & Mercantile Company, with the exception of a few shares, belonged to Mrs. M. H. Myers. The stock of the Elk River Logging Company came into the ownership of one Alfred McKay, and Hatch was elected president of that company, the purpose being to facilitate a then contemplated merger of the two companies, which, it was estimated, would take some time. The matter of the merger came under discussion by L. W. Hunt, vice-president and manager of the Lytle Logging & Mercantile Company, Myers, Hatch, and McKay. Neither concern could operate at Elk River without the other, for the reason it took their joint equipment to make a complete logging outfit, and it was necessary for each to use the rights of way belonging to the other. The discussion was that the merger should be by one company acquiring the other.

About February 15, 1935, in expectation of completing the merger, McKay, who was experienced in logging operations, was named as superintendent of opera-

tions and began logging at Elk River, using both the Lytle and Elk River companies' equipment and properties. The parties continued negotiations looking to a merger until sometime in April, when an arrangement was entered into by the parties mentioned whereby McKay was to be superintendent of operations and receive a salary of four hundred dollars per month.

About April 18, 1935, Hunt resigned from the Lytle Logging & Mercantile Company and departed from this state. April 25, 1935, the Reliance Development Corporation sent out a form letter, signed by R. H. Archard as auditor of that corporation, to all persons and companies which were doing business with the camp, advising that this corporation had been organized to operate logging operations at Elk River, and that bills should be made out to that corporation. McKay continued logging operations until May, 1935, when the camp closed down on account of labor trouble and remained closed until September of that year. The bills that had been incurred prior to the reopening of the camp have been paid and are not involved in this action. The camp was again closed down sometime during the latter part of December, 1935. Thereafter, the present action was begun, as above indicated.

As stated by counsel for the appellants upon the trial:

"The real question is, is the company a shell or a dummy, and was the Reliance company incorporated."

It is evident from the record that had it not been for the incorporation of the Reliance company, there would be little, if any, question about the liability of the appellants for the accounts which are involved in this action. Whether they are liable notwithstanding that corporation, depends upon whether it was a

mere sham and organized as a result of a conspiracy to defraud the creditors of the logging operations in the event that the enterprise was not successful.

The Reliance Development Corporation was organized under the laws of Nevada March 27, 1935. The total authorized capital stock thereof was "one hundred thousand (100,000) shares of stock, having no par value." The incorporators and directors named in the articles, with their respective addresses, were the following:

| "NAME | ADDRESS |
|---|---|
| "M. Mansfield | 1700 Mills Tower, San Francisco, California. |
| "C. Crisp | 1702 Mills Tower, San Francisco, California. |
| "B. von Ende | 1702 Mills Tower, San Francisco, California." |

These incorporators and directors were lady stenographers or clerks in the respective offices of Myers and Hatch, Myers' office being at 1700 Mills Tower and Hatch's at 1702. None of the stock was ever subscribed for, and the officers named in the articles of incorporation have remained the same, so far as appears from the record. The corporation was dominated by Myers and Hatch.

September 25, 1935, there was filed in the office of the secretary of state of this state an application for permission to do business here. This application recited as follows:

"ITEM A. The value of the property now located in the state of Washington is nil.

"ITEM B. The value of the property to be brought into the state of Washington is $100.xx.

"ITEM C. The value of the entire property of the corporation, both within and without the state of Washington, is $100.xx."

This application was verified by B. von Ende, as vice-president of the corporation. The secretary of state made some objection to the application, and it was amended in a particular not here material.

The logging operations had been conducted under the trade name of the Lytle Logging Company, and continued to be so conducted until the operations ceased sometime during the latter part of December, 1935. The bank account for the operations was kept in the name of Alfred McKay, trustee. When logs were sold, the purchase price went into this account, and out of it were paid obligations. The jury had a right to find that practically the only thing that the Reliance Development Corporation did was to send the circular letter to creditors thereof asking that the charges be made to it.

■ There are other facts and circumstances that might be detailed, but this opinion is already growing unduly lengthy. Taking into consideration the facts stated herein and other facts as they appear in the record, we are of the view that the jury had a right to find that the Reliance Development Corporation was not organized in good faith, and that it was a mere shell or form to protect the appellants from liability, as above indicated. The challenge to the sufficiency of the evidence was properly overruled.

■ Upon the trial, there was introduced in evidence what purported to be a copy of a letter written by Hunt to Myers. This letter was received during the testimony of McKay and after he had testified, without objection, as follows:

"Q. When you talked with Hunt, the vice-president of the Lytle Logging & Mercantile Company, was the Reliance corporation discussed? . . . A. In Portland, yes. Mr. Hunt said it was just a fraudulent scheme of bookkeeping in San Francisco."

It appears from the record that the letter was to the same general effect as Hunt's statement, and, even though improperly admitted, it would not be so harmful as to call for the granting of a new trial. While the record discloses that the copy of this letter was introduced in evidence, a diligent search through the exhibits, and there are many of them, has not disclosed it as having been brought to this court.

Some complaint is made about the instructions, only one of which is set out in appellants' brief. That instruction must be read in connection with the other instructions given, and it states a rule of law which has the support of the case of *Cassutt v. Miller Co.,* 103 Wash. 222, 174 Pac. 433. In giving this instruction, there was no error.

As to the other instructions about which complaint has been made, they cannot be considered because they are not set out in the appellants' brief as the rule of this court requires. Rule of Court VIII, par. 2, 159 Wash. xliii; *Elliott v. Wheelock,* 176 Wash. 597, 30 P. (2d) 370; *Walker v. Copeland, ante* p. 1, 74 P. (2d) 469.

There are some other contentions of minor importance, all of which have been considered, and, in our view, they are without substantial merit.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, BLAKE, and SIMPSON, JJ., concur.