[No. 27933. Department One. September 23, 1940.]

GEORGE R. COOLEY, *Respondent,* v. BEN PARIS SPORTING
GOODS & RECREATION COMPANY, INC., *Appellant,*
UNITED STATES FIDELITY AND GUARANTY
COMPANY, *Additional Respondent.*[1]

*Jones & Bronson,* for appellant.

*Eggerman & Rosling,* for respondents.

MAIN, J.—This action was brought for the purpose of
recovering the balance claimed to be due upon a con-

[1]Reported in 105 P. (2d) 820.

tract for the construction of a ski lift. One of the defendants was the Ben Paris Sporting Goods & Recreation Company, Inc. There were a number of other defendants, all of whom were dismissed out of the case. The cause was tried to a jury and resulted in a verdict for the plaintiff in the sum of $2,107.14. The defendant moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which motions were overruled. Judgment was entered upon the verdict, from which the Ben Paris Sporting Goods & Recreation Company appealed.

The case, now, as here presented, is only between the respondent George R. Cooley and the appellant, the Ben Paris Sporting Goods & Recreation Company.

The contract upon which the action was based was partly in writing and partly oral. It was made on or about November 16, 1937, and called for the construction of a ski lift to be located on property of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company at what is known as the Snoqualmie Ski Bowl at Hyak. After the respondent had entered upon the performance of the work, material changes were made in the plans and specifications, which caused additional expense. The action was to recover for this additional expense and the balance due upon the contract.

Upon the trial, there was introduced in evidence by the respondent, over the objection of the appellant, what is known as exhibit 20. This is a typewritten statement covering more than a page. Under the heading of "Materials," there are listed eleven items, or groups of items, which, it is claimed, were necessary by reason of the change in the plans and specifications. Opposite each item, or group of items, is set the amount which, it is claimed, was due. Under the heading of "Labor," there are listed ten items which cover the additional labor which was caused by the change in the

plans and specifications. Opposite each item, there are listed the number of extra hours of labor that were required. Following this, there are a number of miscellaneous items. The total claim for the extra materials, labor, and miscellaneous items amounts to $2,599.74.

The first question is whether the objection to the introduction of this typewritten statement in evidence should have been sustained. There is no testimony that the one making up the statement knew, at the time it was made, that the items in it covering the hours of labor were correct. After testifying that it was more expensive to construct one item mentioned than it would have been had the change not been made, the respondent stated that it was. Then follows this: "Q. How much more? A. I don't know; I didn't keep track of the time." There are other statements by the respondent to the same effect. In fact, the evidence shows that the number of extra hours caused by the change in the plans and specifications was merely an estimate.

The rule is that, if a witness made the entries in the memorandum and knew at the time that they were correct, the memorandum may be received in evidence in connection with his testimony.

In *Garden City v. Heller,* 61 Kan. 767, 60 Pac. 1060, it was said:

"The general rule is that, if a witness made the entries and knew at the time that they were correct, the memoranda may be received in evidence in connection with the testimony of the witness. [Citing authorities.]"

The cases of *Brotton v. Langert,* 1 Wash. 227, 23 Pac. 803, and *Tingley v. Fairhaven Land Co.,* 9 Wash. 34, 36 Pac. 1098, are substantially to the same effect.

Clearly, exhibit 20 did not come within the scope of this rule, and its introduction in evidence was error.

It is said, however, that, even though it was incompetent, it, nevertheless, was not prejudicial. Taking into consideration the number of items in the exhibit and the character of the evidence in support thereof, we have no doubt but that the exhibit had a controlling influence on the jury in fixing the amount of the verdict.

In *Kelley v. Stevens*, 58 Kan. 569, 50 Pac. 595, there was received in evidence, over objection, a written computation covering substantially the whole of the items at issue in the case, and made by a witness who stated that he could determine from the lumber bills the price at. which each item in the bills was furnished, and that the computation made by him was in accordance with such prices. It was there held that the computation was improperly received and required a reversal of the judgment. In the course of the opinion, it was said, referring to this computation:

"This exhibit would be likely to, and probably did, appear to the jury as a summary of, and the most important item in, the testimony offered on behalf of the defendant. It probably had a controlling influence in fixing the amount of the verdict; and the error in its admission compels a reversal of the case."

To the same effect are 4 C. J. 975, § 2955, and *Schnellbacher v. McLoughlin Plumbing Co.*, 85 Ill. App. 158.

The reception of exhibit 20 in evidence, over objection, was prejudicial error and requires a reversal of the judgment.

The cases of *Stofferan v. Okanogan County*, 76 Wash. 265, 136 Pac. 484, and *Allman Hubble Tugboat Co. v. Reliance Development Corp.*, 193 Wash. 234, 74 P. (2d) 985, are distinguishable. In each of them an exhibit was improperly introduced in evidence, and it was held to be harmless error, because the fact to

which it was directed was established by other competent evidence. In the case now before us, the evidence as to the number of extra hours of labor is only an estimate.

There is another claim of error which, if it be error, is one that would be corrected on a new trial. The contention in this regard is that there is no testimony as to the reasonable value of some of the items listed under the heading of "Materials."

That portion of the judgment dismissing the bonding company will be affirmed, the judgment against the Ben Paris Sporting Goods & Recreation Company will be reversed, and that part of the cause will be remanded for a new trial.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.